

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

April 5, 2021

<u>VIA E-MAIL</u>

Jim Monroe
211 Main Street, PO Box 470
Goshen, New York 10924

      Re:    *United States v. Thomas Webster*
               Case No. 21-CR-208-APM-1

Dear Counsel:

      I will be sharing preliminary discovery in this case using the government's USAfx File Exchange System.  Although you may review the entire discovery on the shared drive, in order to retain access to the discovery, you must download it immediately.  Once all uploaded materials are available for download, I will alert you via email.  If you have any questions regarding the provided discovery or are missing something, feel free to call or email me. Please note that this discovery does not include protective-order materials, but that it is my understanding that you are currently reviewing the proposed protective order with your client.

      The preliminary discovery available to you via USAfx contains bodyworn camera footage from the assault of Metropolitan Police Department Officer N.R., open source photographs of the assault, an open source video of Mr. Webster outside the U.S. Capitol building, and a recording of Mr. Webster's post-arrest statements.

      Due to the extraordinary nature of the January 6, 2021 Capitol attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution.  These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.  The government is working to develop a system that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1. Additional materials will be provided after the entry of a Protective Order in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Hava Mirell*

Hava Mirell
Assistant United States Attorney
Detailee