UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 21-cr-208 (APM) |
| | : | |
| THOMAS WEBSTER, | : | |
| | : | |
| Defendant. | : | |

**MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

Defendant Thomas Webster is a former Marine and a former New York Police Department (NYPD) Officer. The government anticipates that at trial, the defendant will attempt to introduce accolades, awards, medals, commendations, certificates, letters, performance reviews, and other records from his service in the Marines and NYPD. Indeed, the defendant has already introduced such records during his bond hearing in this case. *See* ECF No. 24. The Court should preclude the defendant from offering evidence of specific instances of his prior good conduct, including that derived from his career in law enforcement and in the military, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

**I.  The Defendant's Participation in the January 6, 2021 Riot and the Pending Charges.**

On January 6, 2021, the defendant, wearing a bulletproof plate-carrier and carrying a red U.S. Marine Corps flag affixed to a metal flagpole, maneuvered himself to the front of a mob of rioters gathered at the Lower West Terrace. There, he confronted Metropolitan Police Department ("MPD") Officer N.R., who was standing on the opposite side of a metal bike rack security barricade guarding the Capitol. The defendant pointed his finger in Officer N.R.'s face, and shouted: "You f***ing piece of s**t. You f***ing commie, motherf***ers, man. You

wanna attack Americans?  No, f*** that."  The defendant forcefully pushed the bike rack barricade into Officer N.R, repeatedly struck a metal flagpole onto the barricade near Officer N.R., and ultimately tackled Officer N.R. to the ground.

For this conduct, the defendant has been charged with one count of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b).  The defendant has also been charged with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining on Restricted Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct on Restricted Grounds with a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence on Restricted Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct Within the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and Act of Physical Violence within the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

## II.     The Limited Admissibility of Character Evidence.

Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion.  The rule applies to prior good acts as well as prior bad acts of the defendant.  As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."  *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).  In other words, "evidence of good conduct is not admissible to negate criminal intent."  *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citation omitted).

The Rule contains three exceptions, one of which governs the admissibility of evidence of

2

a defendant's character. Fed. R. Evid. 404(a)(2)(A). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id.* Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct," Fed. R. Evid. 405(b), but this exception does not apply in this case, as no charges against Webster include such an element.

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all references by parties, attorneys, and witnesses to the inadmissible evidence. *Luce v. United States*, 469 U.S. 38 (1984).

### III. The Court Should Preclude the Introduction of Character Evidence Relating to the Defendant's Former Public Service.

This Court should exclude evidence of the defendant's former public and military service if offered by the defendant to prove his general good character or such traits as attention to duty, commitment to public service, professionalism, or dedication. Such evidence is not admissible because it is not pertinent to an essential element of the charges pending against him. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Irving*, No. 07-107 (PLF), 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of the defendant's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the

3

defendant's professional competence and integrity).

Proof of specific instances of conduct is not permitted under Rule 405, unless the trait or character of a person is "an essential element of the charge, claim, or defense"—which, in this case, it is not. Fed. R. Evid. 405(b). Indeed, there is no character trait derived from the defendant's prior public service that is an essential element of a charge, claim, or defense in this case. None of the elements of the offenses with which the defendant has been charged relate to his previous careers in the military and NYPD or character traits aligned with that service. Moreover, any such specific acts from his service in the Marines (which concluded in 1989) or the NYPD (which concluded in 2011) are not sufficiently related or proximate in time to the crime charged to be relevant under Rule 403. *See United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403."). Finally, any such evidence from his military records and NYPD records, including, for example, letters of commendation, would be hearsay. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming the district court's refusal to admit evidence of the defendant's awards and commendations from his military service and police service because "the traits they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of which [the defendant] stood accused" and because "the evidence, as presented below, seems to us classic hearsay, and inadmissible for that reason as well"); *see also Barry* 814 F.2d at 1404 (finding that letters of commendation were inadmissible because they failed to conform to the hearsay rule). Thus, evidence of the defendant's specific good acts is inadmissible.

While the general character trait of law-abidingness is pertinent to almost all criminal

offenses, *see In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003), the form of such character evidence is governed by Rule 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). As discussed above, it does not include evidence regarding specific instances of prior conduct.

Accordingly, this Court should preclude the defendant from offering character evidence in the form of specific acts, including that relating to his prior career in law enforcement and the military.

Dated: March 14, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:      */s/ Hava Mirell*
HAVA MIRELL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
CA Bar No. 311098
555 4th Street, N.W.
Washington, D.C. 20530
(213) 894-0717
Hava.Mirell@usdoj.gov

     */s/ Katherine Nielsen*
KATHERINE NIELSEN
Trial Attorney, Detailee
United States Attorney's Office
District of Columbia
D.C. Bar No. 491879
555 4th Street, N.W.
Washington, D.C. 20530
(202) 355-5736
Katherine.Nielsen@usdoj.gov

        <u>/s/ Brian P. Kelly</u>
        BRIAN P. KELLY
        Assistant United States Attorney
        United States Attorney's Office
        District of Columbia
        D.C. Bar No. 983689
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7503
        Brian.Kelly3@usdoj.gov