## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-208 (APM)** |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE PERTAINING TO AN UNIDENTIFIED FEMALE RIOTER

The United States of America respectfully files this motion *in limine* to exclude evidence pertaining to an incident involving Officer N.R. and an unidentified female rioter roughly ten minutes before the assault charged in the instant case. Furthermore, the government seeks to limit any evidence regarding the victim's character to reputation and opinion evidence. The government relies on the points and authorities summarized below and any arguments that may be made at a hearing on this matter.

## BACKGROUND

On January 6, 2021, at approximately 2:28 pm EST, defendant Thomas Webster ("Webster") joined a group of rioters outside police barricades on the west side of the U.S. Capitol building. Webster went straight to the barricades directly in front of Officer N.R., yelled aggressively at Officer N.R. and other police officers, and repeatedly swung a metal flagpole at Officer N.R. ECF No. 1-1, at 2–5. After Officer N.R. managed to wrest the flagpole away from Webster's grip, Webster charged through the metal barricade, tackled Officer N.R. to the ground, and tried to remove Officer N.R.'s helmet and gas mask, choking him. *Id.* at 5–7.

At approximately 2:18 pm EST, ten minutes before Webster assaulted Officer N.R., an unidentified female rioter approached the police barricade directly in front of Officer N.R. The

female rioter grasped the barricade with her right hand and began leaning her body against it.  She also carried a large wooden flagpole in her left hand.  Officer N.R. ordered the female rioter to "get back" numerous times but she did not comply.  Officer N.R. also used his open hand to attempt to move the female rioter back away from the barricade but she continued to crowd the barricade with her body and flagpole.  The female rioter held the flagpole directly in front of Officer N.R.'s face and they began struggling over it.  Officer N.R., still using his open hand, pushed the female rioter back away from the barricade and she fell onto the ground.  The female rioter got back on her feet and again approached the barricade directly in front of Officer N.R., grabbed onto it with her hands, and began pulling it toward her and away from the police line.  Officer N.R. attempted to prevent the female rioter from pulling the barricade by pushing her back away again.  The female rioter fell onto the ground a second time and Officer N.R. pulled the barricade back into place.  All of this is captured on Officer N.R.'s body-worn camera, and U.S. Capitol Police surveillance footage.

Although there is no indication that Webster witnessed this conduct, the defense has indicated that it intends to introduce at trial evidence pertaining to this unrelated interaction between Officer N.R. and the female rioter. As discussed below, the evidence is irrelevant to the crimes charged, it constitutes impermissible character evidence regarding the victim, and, in any event, its probative value is substantially outweighed by the danger of unfair prejudice. Accordingly, it should be excluded.

## ARGUMENT

The Court enjoys broad discretion to grant motions *in limine* to exclude anticipated irrelevant or prejudicial evidence.  *See Luce v. United States*, 469 U.S. 38, 41 (1984).  "Motions *in limine* are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial

interruptions.'"  *Herbert v. Architect of Capitol*, 920 F. Supp. 2d 33, 37 (D.D.C. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)).

Federal Rule of Evidence 404(a) establishes the general proposition that evidence of a person's character or a character trait is not admissible for the purpose of proving action in conformity therewith on a particular occasion.  Rule 404(a)(2)(B) is an exception to that general proposition, permitting a defendant to offer evidence of his victim's character.  Yet, even if character evidence is admissible under Rule 404(a)(2), the form of that evidence is limited by Rule 405.  Under Rule 405(a), even when character evidence regarding a person is admissible generally, proof may be made only in the form of opinion or reputation testimony.  And under Rule 405(b), in the limited instance when the character of a person is an essential element of a charge, claim, or defense, proof may also be made by specific instances of that person's conduct.

Rule 404(b) establishes the proposition that evidence of prior acts is inadmissible when its sole purpose is "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).

Finally, under Rule 403, even when evidence has some degree of relevance, the Court has the discretion to exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

**I.  Evidence of Officer N.R.'s Character is Limited to Reputation and Opinion Evidence Because a Victim's Character is Not an "Essential Element" of Self-Defense.**

To the extent that Webster intends to introduce evidence regarding Officer N.R.'s character under Rule 404(a)(2)(B), such propensity evidence is limited to reputation or opinion evidence. Fed. R. Evid. 405(a).  In order for a defendant to admit specific instances of a victim's conduct, the defendant must show that the victim's character or character trait is an "essential element of a

charge, claim, or defense." Fed. R. Evid. 405(b).  It should be undisputed that victim character is

not an element of any of the charges brought against Webster in this case.  The government expects

Webster to raise the affirmative defense of self-defense in this matter.  But it is well established

that a victim's character is likewise not an essential element of self-defense.  *See United States v.*

*Gulley*, 526 F.3d 809, 819 (5th Cir. 2008) ("[A] self-defense claim may be proven regardless of

whether the victim has a violent or passive character."); *United States v. Gregg*, 451 F.3d 930, 935

(8th Cir. 2006) ("Since [the victim's] violent character is not an essential element of a claim of

self-defense, the district court properly excluded evidence relating to specific instances of [the

victim's] violent conduct to prove [the victim] was the aggressor in the altercation."); *United States*

*v. Keiser*, 57 F.3d 847, 857 (9th Cir. 1995) (holding that a victim's character is not an essential

element of self-defense and explaining that a "defendant could, for example, successfully assert a

claim of self-defense against an avowed pacifist, so long as the jury agrees that the defendant

reasonably believed unlawful force was about to be used against him").  Accordingly, any evidence

of Officer N.R.'s character is restricted to reputation or opinion evidence and should not include

specific instances of Officer N.R.'s conduct, such as Officer N.R.'s incident with the female rioter

approximately ten minutes before he was assaulted by Webster.

## II.    Evidence Concerning the Interaction Between Officer N.R. and the Female Rioter is Not Admissible Under Rule 404(b) Because Webster Did Not Have Knowledge of the Prior Incident at the Time of the Assault.

Insofar as Webster seeks to introduce evidence regarding the incident with the female rioter

to prove *his own* state of mind when he assaulted Officer N.R., it should not be admitted because

there is no indication that Webster observed or knew of the earlier incident at the time of the

assault.  "Evidence of specific instances of a victim's prior violent conduct for purposes of proving

a defendant's state of mind . . . is only admissible to the extent a defendant established knowledge

of such prior violent conduct at the time of the conduct underlying the offense charged."  *Gregg*,

451 F.3d at 935; *see also United States v. Garcia*, 729 F.3d 1171, 1178-79 (9th Cir. 2013) (same); *United States v. Burks*, 470 F.2d 432, 434-35 (D.C. Cir. 1972) (evidence of the victim's violent character is relevant on the "issue of whether or not the defendant reasonably feared he was in danger of imminent great bodily injury" only when "the defendant knew of the [victim's] character"). Here, there is no indication that Webster knew of the incident involving the female rioter prior to approaching Officer N.R. at the barricades, or that he was anywhere near the female rioter when Officer N.R. pushed her away from the barricade. To the contrary, the government's review of U.S. Capitol Police surveillance footage—which has been provided to the defense through global discovery—shows that Webster was nowhere near the barricades at the time and could not possibly have witnessed the incident. Accordingly, evidence regarding Officer N.R.'s interaction with the female rioter is inadmissible under Rule 404(b).

### III. The Probative Value of Officer N.R.'s Interaction with the Female Rioter is Substantially Outweighed by the Dangers of Unfair Prejudice, Confusing the Issues, and Misleading the Jury.

Even if evidence regarding the female rioter were admissible, it should still be excluded under Rule 403 because its probative value, if any, is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. *See United States v. Milk*, 447 F.3d 593, 600 (8th Cir. 2006) (recognizing evidence of specific prior bad acts is allowed under Rule 404(b) to prove a defendant's state of mind, but affirming exclusion of such evidence under Rule 403). To admit evidence regarding the female rioter would risk having a mini-trial not just on Officer N.R.'s interactions with the female rioter, but potentially any other rioter Officer N.R. encountered on January 6, 2021. It would also confuse the issues and mislead the jury. Furthermore, this incident has little to no probative value because Webster cannot show that he

had knowledge of the prior incident between Officer N.R. and the female rioter.  Accordingly, evidence regarding the incident between Officer N.R. and the female rioter should be excluded.

The only purpose of Webster presenting evidence of an incident that he was not even aware of, and that did not involve him in any way, would be to improperly color the mind of the jury. The earlier incident does not speak to the issues at hand, and would only invite decision on an improper basis.

**<u>CONCLUSION</u>**

WHEREFORE, the United States respectfully requests that the Court grant its Motion *In Limine* to Exclude Evidence Pertaining to an Unidentified Female Rioter and to limit evidence of Officer N.R.'s character to only reputation and opinion testimony.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:        /s/ Hava Mirell
HAVA MIRELL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
CA Bar No. 311098
555 4th Street, N.W.
Washington, D.C. 20530
(213) 894-0717
Hava.Mirell@usdoj.gov


       /s/ Katherine Nielsen
KATHERINE NIELSEN
Trial Attorney, Detailee
United States Attorney's Office
District of Columbia
D.C. Bar No. 491879
555 4th Street, N.W.
Washington, D.C. 20530
(202) 355-5736
Katherine.Nielsen@usdoj.gov


       /s/ Brian P. Kelly
BRIAN P. KELLY
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 983689
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov