## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   )<br>   )<br>   )<br>v.   )<br>   )<br>THOMAS WEBSTER,   )<br>   )<br>   Defendant.   )<br>_____  ) | Criminal No. 21-cr-208 (APM)<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO AN UNIDENTIFIED FEMALE RIOTER** |

Defendant, Thomas Webster, through his counsel, files this opposition to the Government's Motion in Limine to Exclude Evidence Pertaining to an Unidentified Female Rioter.

Defendant intends to offer evidence at trial that defendant acted in self-defense during his encounter with Officer N.R.. Defendant seeks to present evidence that, ten minutes prior to his encounter with defendant, Officer N.R. pushed an unidentified female onto the ground twice without justification. This evidence is derived from Officer N.R.'s own BWC footage.

The Government correctly recites the Federal Rules of Evidence and their admissibility relevant to defendant's self-defense claim. Federal Rule of Evidence 404(a)(2)(B) provides that "a defendant may offer evidence of an alleged victim's pertinent trait." Federal Rule of Evidence 405 controls the form that this evidence may take, stating "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion" unless "a person's character or character

trait is an essential element of a charge, claim, or defense" when "the character or trait may also be proved by relevant specific instances of the person's conduct."

The Government argues that defendant should not be able to offer the video of Officer N.R. pushing the unidentified female rioter because such evidence constitutes a prior specific bad instance of conduct that would be impermissible under Federal Rule of Evidence 405(b) because defendant did not see or know about Officer N.R.'s actions at the time of defendant's encounter. Generally, the Government's position is correct, as their citation to *United States v. Burks*, 470 F.2d 432, 434-35 (D.C. Cir. 1972)(evidence of the victim's violent character is relevant on the "issue of whether or not the defendant reasonably feared he was in danger of imminent great bodily injury" only when "the defendant knew of the [victim's] character) reflects. Further, it is true that, in general, a victim's character is not an essential element of self-defense such that the specific instances of conduct provision of Federal Rule of Evidence 405(b) would be triggered. *See, United States v. Gulley*, 526 F.3d 809, 819 (5th Cir. 2008); *United States v. Gregg*, 451 F.3d 930, 935 (8th Cir. 2006); *United States v. Keiser*, 57 F.3d 847, 857 (9th Cir. 1995).

Since defendant had no direct knowledge of this encounter with this particular protester and was otherwise unfamiliar with Officer N.R.'s reputation for violence, this type of evidence would be inadmissible under Federal Rule of Evidence 404(a)(2) or 405(b). *See, United States v. Drapeau*, 644 F.3d 646, 654-55 (8th Cir. 2011).

For the reasons stated, the Government's Motion in Limine to Exclude Evidence Pertaining to an Unidentified Female Rioter is unopposed by defendant.

Dated: March 25, 2022

Respectfully submitted,

*[signature]*

James E. Monroe, Esq.
Dupee & Monroe, P.C.
Attorneys for Defendant Thomas Webster
211 Main Street, P.O. Box 470
Goshen, New York 10924
(845) 294-8900
Fax: (845) 294-3619
jim@dupeemonroelaw.com

Case 1:21-cr-00208-APM   Document 63   Filed 03/25/22   Page 4 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to: Hava Mirell, Assistant United States Attorney, Katherine Nielsen, Assistant United States Attorney and Brian Kelly, Assistant United States Attorney.

JAMES E. MONROE, ESQ.