## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 21-cr-208 (APM) |
| Plaintiff, ) | |
| ) | |
| ) | **DEFENDANT'S OPPOSITION** |
| ) | **TO GOVERNMENT'S MOTION** |
| ) | **IN LIMINE TO EXCLUDE** |
| v. ) | **IMPROPER CHARACTER** |
| ) | **EVIDENCE** |
| THOMAS WEBSTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant, Thomas Webster, through his counsel, files this opposition to the Government's Motion in Limine to Exclude Improper Character Evidence.

Federal Rule of Evidence 404(a)(2)(A) provides a specific exception for a defendant in a criminal case, stating that "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Federal Rule of Evidence 405 controls the form that this evidence may take, stating "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion" unless "a person's character or character trait is an essential element of a charge, claim, or defense" when "the character or trait may also be proved by relevant specific instances of the person's conduct."

As stated by the Government, defendant is charged with Assaulting, Resisting, or Impeding Certain Officers Using a Deadly and Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1) and (b); Civil Disorder in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining on Restricted Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. §

1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct on Restricted Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence on Restricted Grounds with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct Within the Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2)(D); and Act of Physical Violence within the Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2)(F).

Violence and/or disruption of the peace are an essential element of each and every one of the aforestated charges. "When a person's character or character trait is an essential element of a charge," Federal Rule of Evidence 405(b) explicitly allows that "the character or trait may also be proved by relevant specific instances of the person's conduct." Defendant intends to elicit specific examples of his exemplary career/record with the United States Marine Corps and the New York Police Department to demonstrate defendant's character traits of non-violence and peacefulness. Further, he intends to call witnesses, including his former supervisor with the New York Police Department, who will speak to these positive traits.

The Government's contention that such evidence will only cover defendant's "general character trait of law-abidingness" paints defendant's intentions with too broad a brush and ignores the inextricable contrast that defendant's character evidence creates with the "essential elements" of the pending charges. Defendant's records and testimonial evidence directly relate to defendant's character traits that rebut an "essential element" of the charges, and thus Federal Rule of Evidence 405(b) permits this character evidence to be "proved by relevant specific instances of the person's conduct."

Lastly, the Government argues that defendant's military and New York Police Department records constitute impermissible hearsay and are inadmissible. The D.C. Circuit

Court held in *United States v. Smith*, 521 F.2d 957, 962-64 (D.C. Cir. 1975) that they would "adopt the approach of [other] circuits" and "[saw] no reason to exclude a police record made in the regular course of business" because "a police record constitutes a business record" that is an exception to the hearsay rule under 28 U.S.C. § 1732(a) and Federal Rule of Evidence 803(6). While it appears that no such precedent exists in this Circuit regarding defendant's military records and their hearsay status, the same exception should be applied to these military records for the same reason. Therefore, defendant's military and New York Police Department records should not be deemed inadmissible hearsay and should be permitted as character evidence at trial.

For the reasons stated, the Government's Motion in Limine to Exclude Improper Character Evidence should be denied.

Dated: March 25, 2022

Respectfully submitted,

James E. Monroe, Esq.
Dupee & Monroe, P.C.
Attorneys for Defendant Thomas Webster
211 Main Street, P.O. Box 470
Goshen, New York 10924
(845) 294-8900
Fax: (845) 294-3619
jim@dupeemonroelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to: Hava Mirell, Assistant United States Attorney, Katherine Nielsen, Assistant United States Attorney and Brian Kelly, Assistant United States Attorney.

JAMES E. MONROE, ESQ.