UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>)<br>)<br>THOMAS WEBSTER. )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 21-cr-208 (APM)<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE MOTION IN LIMINE TO PRECLUDE CLAIMS OF SELF-DEFENSE, NECESSITY, JUSTIFICATION AND DURESS** |

Defendant, Thomas Webster, through his counsel, files his opposition to the Government's Motion to Preclude defendant's claims of self-defense, necessity, justification and duress. Defendant intends to offer evidence at trial that defendant acted in self-defense in response to Office N.R.'s aggressive action(s) and use of excessive force. The video evidence shows Webster emerging from the crowd angered by the injuries caused to protestors by law enforcement's use of force. None of Webster's initial profanity directed at Officer N.R. and his fellow officers conveyed a "fear of serious bodily harm" to an ordinary person. *See, High v. United States,* 128 A.3d 1017, 1023 (D.C. Cir. 2015).

Rather than deescalating the situation, Officer N.R. chose to escalate the intensity of the moment by raising his hand and gesture towards Webster - - standing on the opposite side of the police barrier - - to engage in a fight.



FIGURE 1 – 1



FIGURE 1 – 2



FIGURE 1 - 3

The next segment of video[1] depicts Webster's response to the officer's provocative hand gesture by grabbing the top portion of the metal barricade and police barrier prompting defendant to exclaim "come on, take your s***off! you communist Mother F***ers."



FIGURE 2

---

[1] https://youtu.be/VmJRqUYjlY4 at 0:26-0:30

In response to this bristling rhetoric, the video evidences - - notwithstanding the Government's efforts to conceal this fact - - Officer N.R. reach beyond the police barrier with his left arm and punch Webster in the right side of his face conclusively establishing that Officer N.R. - - as opposed to Webster - - was the initial aggressor.



FIGURE 3 - 1



FIGURE 3 - 2



FIGURE 3 - 3

Notwithstanding being punched in the face by Officer N.R., Webster never struck Officer N.R. or his fellow officers with his fists or any portion of his flagpole.

For purposes of self-defense, threats communicated directly by Officer N.R. (e.g., the provocative hand gesture followed by a punch to the face) typically have the greatest relevance. *See, McBride v. U.S.*, 441 A.2d 644 (D.C. Cir.1982).

To invoke self-defense, there must be some evidence that:

> (1) Webster actually believed he was in imminent danger of bodily harm, and
>
> (2) he had reasonable grounds for that belief.

*See, Guillard v. United States*, 596 A.2d 60, 63 (D.C. Cir. 1991); *Osborne v. District of Columbia*, 169 A.3d 876 (D.C. Cir. 2017). In light of Webster having raised the claim of self-defense, the threshold question for the fact finder is whether the Government has disapproved that defendant "actually and reasonably believed that [he] was in imminent danger of bodily harm." *Higgenbottom v. United States*, 923 A.2d 891, 900 (D.C. Cir. 2007) The jury instructions on self-defense direct:

> Every person has the right to use a reasonable amount of force
> in self-defense if (1) S/he actually believes s/he is in imminent danger
> of bodily harm and if (2) S/he has reasonable grounds for the belief.
> The question is not whether looking back on the incident you believe
> that the use of force was necessary. The question is whether [Webster],
> under the circumstances as they appeared to him/her at the time of
> the incident, actually believed s/he was in imminent danger of bodily
> harm, and could reasonably hold that belief. Criminal Jury Instruction
> for the District of Columbia, No. 9.5 (5th ed. rev. 2014) (Self-Defense
> - - General Considerations).

After Webster was punched in the face, defendant can easily establish that he actually and reasonably believed himself to be in imminent danger of bodily harm. The Government cannot prove beyond a reasonable doubt that Webster did not possess such a belief. In turn, the

inquiry proceeds to a review of the amount of force employed. On this point, Webster may only use that amount of force necessary to "repeal the perceived attack." *Higgenbottom,* 923 A.2d at 900. Stated differently, where the evidence establishes that self-defense would otherwise be justified, the Government can rebut a self-defense claim only if it proves that the defendant used "excessive force." *Williams (Shirley) v. United States,* 90 A.3d 1124, 1128 (D.C. Cir. 2014). *See also, Parker v. United States,* 155 A.3d 835, 842 (D.C. Cir. 2017); *Richardson v. United States,* 98 A.3d 178, 187 (n.11) (D.C. Cir. 2014).

Distinguishing between "excessive force" and "reasonable amount of force" requires the fact finder to take into account evidence of the defendant's mental state under the circumstances. *See, Fersner v. United States,* 482 A.2d 387, 391-92 (D.C. Cir. 1984). After being punched in the face, Webster did not exhibit the same level of arbitrary violence by forcing Officer N.R. to the ground. By the time Webster arrives at the lower west terrace of the Capitol at approximately 2:28 P.M., the emotions of the protestors and police were strained. Tens of thousands of protestors had descended upon the Capitol. Multiple altercations had already occurred between private citizens and the police. The east side of the Capitol building had already been compromised. Tear gas and flash grenades had already been deployed on the crowd by police. Numerous police and civilians had already been injured.

Given these extraordinary circumstances, "a person may actually and reasonably believe something that seems unreasonable to a calm mind." Criminal Jury Instructions for the District of Columbia No. 9.501.C.

Given this construct, Webster's self-defense claim turns on his reasonable belief that he was in imminent danger of bodily harm by virtue of Officer N.R.'s use of excessive force. With the crowd at Webster's back, there was little chance to retreat or avoid being punched by Officer

N.R. The officer's decision to respond to Webster's angry words by challenging the defendant to a fight and punching him in the face serves as a reasonable basis for defendant's belief that he was in imminent danger of bodily harm. Without Webster resorting to the use of his fist or flagpole to strike back at Officer N.R., defendant uses the least amount of force under the circumstances by tackling the officer to the ground and neutralizing the threat of further violence. Webster did not use more force than was reasonable under the circumstances. As such, a jury should be allowed to determine that Webster acted in self-defense[2] and acquit him of his charge(s) for assault.

Dated:   March 25, 2022

Respectfully submitted,

JAMES E. MONROE, ESQ.
Dupee & Monroe, P.C.
Attorneys for Defendant Thomas Webster
211 Main Street, P.O. Box 470
Goshen, New York 10924
(845)-294-8900
Fax: (845) 294-3619
jim@dupeemonroelaw.com

---

[2] Defendant's opposition is limited only to the affirmative defense of self-defense and deems the remaining defenses of necessity, justification and duress as not sufficiently supported by the facts and/or law present at bar.

CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to: Hava Mirell, Assistant United States Attorney, Katherine Nielsen, Assistant United States Attorney and Brian Kelly, Assistant United States Attorney.

                                                                                    JAMES E. MONROE, ESQ.