IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.   Case No.:  21-cr-208-APM

THOMAS WEBSTER,

Defendant.

## GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Reply in Support of its Motion *in Limine* to Limit Cross-Examination of Secret Service Agency Witnesses.  ECF No. 56.

The Government's Motion, which was filed on March 14, 2022, argued that defendant Webster should be foreclosed from questioning the Government's Secret Service Agency witnesses about three discrete topics: (1) information related to the location of Vice President Pence; (2) Secret Service protocols related to the locations where protectees or their motorcades are taken during emergencies; and (3) details about the nature of Secret Service VIP-protection operations.  ECF No. 56 at 2-3.  Webster's opposition addresses only one of these points—information about the location of Vice President Pence at 2:28:28 p.m. on January 6, 2021.  ECF No. 64 at 3, 7, 11-12.

    A.    **The Government Withdraws its Motion *in Limine* as to Cross-Examination of Secret Service Agency Witnesses regarding the Location of Vice President Pence as Relevant to the Charges Against the Defendant.**

On March 18, 2022, the Honorable Trevor N. McFadden issued a Memorandum Order in *United States v. Griffin*, Case No. 1:21-cr-92 (TNM), addressing the same arguments made in the

1

Government's Motion in this matter. *Griffin,* ECF No. 92 at 3-6.  In that Order, Judge McFadden determined that the defendant in that case was entitled to probe the Government's evidence as to the location of Vice President Pence at the time of the commission of the crimes charged in that case.  As a result of this ruling, the Government hereby withdraws its Motion in the instant case as to the cross-examination of the Government's Secret Service Agency witnesses regarding information about the location of Vice President Pence on January 6, 2021, at times relevant to the crimes with which Webster is charged.[1]

> **B. The Court Should Grant the Government's Motion *in Limine* as to Secret Service Protocols Related to the Locations Where Protectees or Their Motorcades are Taken During Emergencies and Details About the Nature of Secret Service VIP-Protection Operations Because They are Inappropriate and Immaterial to the Question of Guilt or to the Credibility of the Secret Service Agency Witness.**

Webster's Opposition spends considerable time addressing the issue of the location of the Vice President on January 6, 2021, at 2:28:28 p.m.  He does not, however, address the Government's second two requests to limit cross-examination into Secret Service protocols related to the locations where protectees or their motorcades are taken during emergencies and details about the nature of Secret Service VIP-protection operations.  In its Motion, the Government argued that such lines of questioning are irrelevant and should be foreclosed.

In his Memorandum Order in *Griffin*, Judge McFadden granted the Government's motion to limit such cross-examination because the defendant did "not contest that such cross-examination would be inappropriate and immaterial to the question of guilt, or to the credibility of the Secret Service witness."  *Griffin* ECF No. 92 at 4.  Therefore, and for the reasons articulated in the Government's original motion, the Government's motion to limit cross-examination of Secret

---

[1] To the extent that Secret Service witnesses testify about the location of other protectees at the relevant time on January 6, 2021, including members of the Vice President's family who were also present in the restricted area, the Government also withdraws its objection to cross-examination regarding the location of such protectees.

2

Service agents as to Secret Service protocols related to the locations where protectees or their motorcades are taken during emergencies, other than the location of Vice President Pence on January 6, 2021, at or about 2:28 p.m., and details about the nature of Secret Service VIP-protection operations should be granted.

## Conclusion

For these reasons, the United States requests that this Court enter an order, as described above, limiting cross-examination of any Secret Service Agency witness regarding protocols related to the locations where protectees or their motorcades are taken during emergencies and details about the nature of Secret Service VIP-protection operations. If this Court determines an evidentiary hearing is necessary to rule on this motion, the government asks that the hearing be held *in camera* and ex parte.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/   *Hava Mirell*
HAVA MIRELL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
CA Bar No. 311098
555 4th Street, N.W.
Washington, D.C. 20530
(213) 894-0717
Hava.Mirell@usdoj.gov

   */s/ Katherine Nielsen*
KATHERINE NIELSEN
Trial Attorney, Detailee
United States Attorney's Office
District of Columbia
D.C. Bar No. 491879
555 4th Street, N.W.
Washington, D.C. 20530
(202) 355-5736
Katherine.Nielsen@usdoj.gov

3

      */s/ Brian P. Kelly*
BRIAN P. KELLY
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 983689
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov

4