IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.: 21-cr-208-APM

THOMAS WEBSTER,

Defendant.

REPLY IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE IMPROPER CHARACTER EVIDENCE

The United States of America respectfully files this Reply in Support of its Motion *in Limine* to Exclude Improper Character Evidence. ECF No. 57.

The defendant incorrectly claims in his opposition that his character traits of "non-violence and peacefulness" are "essential element[s]" of each of the charged offenses, and that he should therefore be allowed to introduce "specific examples" from his military and police records. ECF No. 65, at 2. The relevant question in determining whether a character trait is "an essential element" under Federal Rule of Evidence 405(b) is: "[W]ould proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to [general] opinion or reputation" testimony. *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995). In conducting this inquiry, the Court should "look to the indictment or an authoritative statement of the claimed defense," since the inquiry is "legal rather than factual, categorical rather than particular to the case at hand." *Id.* at 856 n.20.

In this case, the defendant's character for violence or non-violence is not an element of any of the charged offenses or anticipated affirmative defenses. For example, the government need

not show that the defendant has an aggressive or violent character to prove that on January 6, 2021, he forcibly and intentionally assaulted a person assisting an officer or an employee of the United States in the performance of that officer's official duties.  18 U.S.C. § 111(a)(1).  Similarly, the defendant need not show that he has a peaceful character to prove that he reasonably believed the use of force was necessary to defend himself against an immediate use of excessive force by a federal law enforcement officer or that he used no more force than appeared reasonably necessary under the circumstances.  *United States v. Urena*, 659 F.3d 903, 906-07 (9th Cir. 2011).

Because the defendant's character is not an essential element of any of the charged offenses or anticipated affirmative defenses, proof of character is limited to reputation or opinion evidence in accord with Rule 405(a).  *United States v. Piche*, 981 F.2d 706, 713 (4th Cir. 1992).  That means that the defendant cannot introduce specific examples from his career or record with the United States Marine Corps or the New York Police Department ("NYPD").  Thus, insofar as the defendant intends to call a character witness, that witness "may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental and moral traits; nor can he testify that his own acquaintance, observation, and knowledge of defendant leads to his own independent opinion that defendant possesses a good general or specific character, inconsistent with commission of acts charged." *Michelson v. United States*, 335 U.S. 469, 477 (1948).  Rather, the character witness may only "summarize what he has heard in the community . . . not as to the personality of defendant but only as to the shadow his daily life has cast in his neighborhood."  *Id.*; *see also Shimon v. United States*, 352 F.2d 449, 453 (D.C. Cir. 1965) ("[W]hen an accused opens the subject of his reputation by calling reputation witnesses they are restricted to what they have heard as to his good repute; they may not testify as to specific facts known but only general repute as an exception to the hearsay rule.  The term 'character' witness is, of course, a misnomer, for it is reputation not character which is then the issue.  It is not what

2

the speaker knows as to the Defendant's personal habits, character, family or business integrity but what he has heard about his reputation in this regard.").

Even if the defendant's commendations and service records could be considered "character evidence"—which, as explained above, they cannot—it is not clear that the traits they purport to show are "pertinent" to the crimes of which the defendant stands accused. Fed. R. Evid. 404(a)(2)(A) ("[A] defendant may offer evidence of the defendant's *pertinent* trait." (emphasis added)). Based on the defendant's prior filings in this case, the government anticipates that the defendant will attempt to introduce evidence regarding: a 1988 certificate of good conduct from the United States Marine Corps; various ribbons, medals, and badges from the defendant's military service in the 1980s; medals awarded by NYPD; and a private letter to then-Mayor Rudolph Giuliani dated April 15, 1997, regarding the defendant's service as a NYPD patrol officer. *See* ECF No. 24, at 3-4. These commendations and letter have no bearing on the instant case. The charges in this case do not relate to the scope of the defendant's duties as a Marine or police officer. Nor do the charges implicate the defendant's professional diligence. *Cf. United States v. Brown*, 503 F. Supp. 2d 239, 243-44 (D.D.C 2007) (noting that the defendant's professional diligence as a police officer was arguably relevant because "the conduct at the heart of the charges against Defendants has been cast in trial to date as part and parcel of Defendants' professional diligence and involves their duties as police officers"). Additionally, these commendations—some of which were received over three decades ago—are not sufficiently related or proximate in time to the crimes charged to be relevant under Rule 403. *See United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related in time to the crime charged to be relevant under Rule 403.").

Finally, even if this Court were to determine that the defendant's police and military records are pertinent, essential, and relevant under Rules 404, 405, and 403, respectively, the substance of several of those records would still be inadmissible hearsay. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989); *Barry*, 814 F.2d at 1404. The defendant relies on *United States v. Smith*, 521 F.2d 957, 962-64 (D.C. Cir. 1975), for the proposition that police records fall within the business records exception to hearsay under Rule 803(6). But *Smith* did not hold that all records, awards, and commendations maintained in a police officer's personnel file fall within the business records exception. Rather, *Smith* held only that a police form containing an officer's official report of an initial robbery, which was a record made in the regular course of police business, fell within the business records exception. *Id.* at 964. Even then, however, the court was careful to note that while the police form would be admissible as substantive evidence to show a date a crime was reported, or the fact that it was reported at all, it would not be admissible as substantive evidence of what the witness reported to the officer (unless, of course, another hearsay exception applied). *Id.*

Unlike the police form at issue in *Smith*, a commendation is not a record made or kept in the regular course of police business. The nature of a commendation is that it is unique and is not routinely awarded in the ordinary course of police business. Therefore, it cannot fall within the business record exception under Rule 803(6) and should be excluded as hearsay.

## CONCLUSION

For the reasons set forth above and in the Government's Motion *in Limine* to Exclude Improper Character Evidence (ECF No. 57), the United States respectfully moves this Court to preclude the defendant from offering character evidence in the form of specific examples from his prior career in law enforcement and the military.

Dated: April 1, 2022                   Respectfully submitted,

                                                 MATTHEW M. GRAVES
                                                 United States Attorney

By:           */s/ Hava Mirell*
       HAVA MIRELL
       Assistant United States Attorney, Detailee
       United States Attorney's Office
       District of Columbia
       CA Bar No. 311098
       555 4th Street, N.W.
       Washington, D.C. 20530
       (213) 894-0717
       Hava.Mirell@usdoj.gov

              */s/ Katherine Nielsen*
       KATHERINE NIELSEN
       Trial Attorney, Detailee
       United States Attorney's Office
       District of Columbia
       D.C. Bar No. 491879
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 355-5736
       Katherine.Nielsen@usdoj.gov

              */s/ Brian P. Kelly*
       BRIAN P. KELLY
       Assistant United States Attorney
       United States Attorney's Office
       District of Columbia
       D.C. Bar No. 983689
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 252-7503
       Brian.Kelly3@usdoj.gov