IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                                          Case No.:  21-cr-208-APM

THOMAS WEBSTER,

                            **Defendant.**

**REPLY IN SUPPORT OF MOTION *IN LIMINE* TO
PRECLUDE CLAIMS OF SELF-DEFENSE, NECESSITY, JUSTIFICATION,
AND DURESS, AND TO EXCLUDE EVIDENCE IN SUPPORT THEREOF**

The United States of America respectfully files this Reply in Support of Its Motion *in Limine* to Preclude Claims of Self-Defense, Necessity, Justification, and Duress, and to Exclude Evidence in Support Thereof.  ECF No. 60 (hereinafter, the "Motion *in Limine*").  The defendant concedes in his opposition that he is barred from arguing necessity, justification, and duress at trial.  ECF No. 68, at 7 n.2.  Accordingly, the only issue left for the Court to resolve is whether the defendant is entitled to present evidence or argument regarding his claim of self-defense.  For the reasons set forth below and in the Motion *in Limine*, the Court should find that the defendant has failed to meet his burden of production as to each element of self-defense, and should preclude the defendant from arguing or presenting any evidence or testimony in support of this affirmative defense at trial.

The defendant's opposition overlooks and minimizes several important facts about his own conduct on January 6, 2021 that impact his ability to claim self-defense.  First, the defendant had already violated the law by the time he encountered Officer N.R. at the Lower West Terrace.  Specifically, he had knowingly entered restricted grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1).  The defendant was therefore subject to arrest, and law enforcement

officers were entitled to use reasonable force to disperse the defendant from that area and/or to arrest the defendant. Second, the defendant approached Officer N.R. at the police barricade, not the other way around. Thus, the "intensity of the moment" between the defendant and Officer N.R. at the barricade was of the defendant's own making. *See* ECF No. 68, at 1. But for the defendant's aggressive words and actions, there would have been no need to "deescalate[e] the situation" between the defendant and Officer N.R. at the barricade. *Id.* Third, the defendant did not merely "grab[] the top portion of the metal barricade and police barrier." ECF No. 68, at 3. Rather, he forcibly pushed the barricade into Officer N.R. twice before Officer N.R. used an open hand to push the defendant away. *See* i70, "Patriots At the Capital [*sic*] 1-6-2021," available at https://www.youtube.com/watch?v=VmJRqUYjlY4 (uploaded Jan. 7, 2021; last accessed Apr. 1, 2022) (Time stamp: 00:23-00:25) (cited by defendant in ECF No. 68, at 3 n.1).

In an unconvincing attempt to portray Officer N.R. as the initial aggressor, the defendant incorrectly claims that Officer N.R. "chose to escalate the intensity" of his confrontation with the defendant by "raising his hand and gestur[ing] towards Webster . . . to engage in a fight." ECF No. 68, at 1. The defendant fails to identify a time stamp in the proffered YouTube video where Officer N.R. "gestures" toward the defendant. Nor has the government been able to identify any such gesture in the YouTube video or in the body-worn camera ("BWC") video lodged with the Court in connection with the Motion *in Limine*. *See* ECF No. 61. But even if the defendant could identify a specific time stamp for the alleged "provocative hand gesture," ECF No. 68, at 5, such gesturing would not, as a matter of law, entitle the defendant to strike a metal flagpole at Officer N.R., tackle and pin him to the ground, and attempt to rip off his gas mask. "[W]hen a person receives harsh words from another, insulting words, demeaning words, or even fighting words, there is no privilege to assault the speaker with deadly force." *United States v. Urena*, 659 F.3d

903, 907 (9th Cir. 2011). That same logic applies to hand gestures: there is no privilege to assault one who gestures—even provocatively—with deadly force.

The defendant also claims, without any supporting evidence, that Officer N.R. "punched" him in the right side of his face. But the BWC footage plainly shows that Officer N.R. used an open hand to push the defendant away. *See* Motion *in Limine*, at 6 fig. 6. The defendant's proffered YouTube video is not to the contrary.

Even if Officer N.R. had punched the defendant—which irrefutable video evidence shows he did not—the defendant responded with greater force than necessary to protect himself. First, the defendant immediately responded with deadly force by repeatedly swinging a metal flagpole at Officer N.R. Then, *after* Officer N.R. had withdrawn and retreated several steps behind the barricades, the defendant bull rushed Officer N.R., tackled him to the ground, and attempted to rip off his gas mask.

The defendant's opposition seems to argue that the defendant did not use deadly force when he swung a flagpole at Officer N.R. *See* ECF No. 68, at 7 ("Without Webster resorting to the use of his fist or flagpole to strike back at Officer N.R., defendant uses the least amount of force under the circumstances by tackling the officer to the ground and neutralizing the threat of further violence."). This argument is premised on an assumption that the defendant's flagpole did not make physical contact with Officer N.R. As a preliminary matter, it is not clear from the video footage whether the defendant's flagpole hit Officer N.R. or not. But even if it did not, the swinging of a metal flagpole at Officer N.R. is still "deadly force" because it is "force *capable of* inflicting death or serious bodily harm." *United States v. Peterson*, 483 F.2d 1222, 1229 n.40 (D.C. Cir. 1973) (emphasis added); *see also Ryder v. City of Topeka*, 814 F.2d 1412, 1416 n.11 (describing deadly force as "such force as under normal circumstances poses a high risk of death or serious injury to its human target, regardless of whether or not death, serious injury or any harm

3

actually results in a given case" (internal quotation marks and citation omitted)).  Thus, the defendant's use and display of deadly force in response to a non-deadly "punch" to the side of the face was more than reasonably necessary under the circumstances.  Moreover, once Officer N.R. retreated behind the barricades, the defendant lacked the right to use any amount of force—let alone violent force—against him.  *See Peterson*, 483 F.3d at 1229 ("[T]he law of self-defense is a law of necessity; the right of self-defense arises only when the necessity begins, and equally ends with the necessity.") (internal quotation marks omitted).

## CONCLUSION

The defendant's pre-trial proffer in support of his claim of self-defense is insufficient as a matter of law to create a triable issue.  Not only was the defendant the initial aggressor, but he also responded with more force than appeared reasonably necessary under the circumstances.  Accordingly, for the reasons set forth above and in the Motion *in Limine*, the United States respectfully moves this Court to preclude the defendant from raising self-defense at trial and from introducing any evidence or argument in support thereof.

Dated: April 1, 2022

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney

By:   */s/ Hava Mirell*
       HAVA MIRELL
       Assistant United States Attorney, Detailee
       United States Attorney's Office
       District of Columbia
       CA Bar No. 311098
       555 4th Street, N.W.
       Washington, D.C. 20530
       (213) 894-0717
       Hava.Mirell@usdoj.gov

/s/ Katherine Nielsen
KATHERINE NIELSEN
Trial Attorney, Detailee
United States Attorney's Office
District of Columbia
D.C. Bar No. 491879
555 4th Street, N.W.
Washington, D.C. 20530
(202) 355-5736
Katherine.Nielsen@usdoj.gov

/s/ Brian P. Kelly
BRIAN P. KELLY
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 983689
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov

5