## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-208 (APM) |
| v. | : | |
| | : | |
| THOMAS WEBSTER, | : | |
| | : | |
| Defendant. | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Third Amended Pretrial Order, filed April 1, 2022 (ECF No. 69), the parties hereby jointly submit this pretrial statement.

**I.      Joint Statement of the Case**

The government has charged the defendant, Mr. Thomas Webster, with seven crimes relating to Congress's meeting at the United States Capitol on January 6, 2021, to certify the Electoral College vote for president.

First, he is charged with assaulting, resisting, or impeding Officer N█ R███, an officer of the Metropolitan Police Department of the District of Columbia, including while using a dangerous weapon, that is, a metal flagpole.  Second, he is charged with obstructing, impeding, or interfering with law enforcement officers during the commission of a civil disorder.  Third, he is charged with being unlawfully present on restricted Capitol grounds, including with a dangerous weapon.  Fourth, he is charged with engaging in disorderly and disruptive conduct on restricted Capitol grounds, including with a dangerous weapon.  Fifth, he is charged with engaging in physical violence on restricted Capitol grounds, including with a dangerous weapon.  Sixth, he is charged with engaging in disorderly conduct within the

Capitol grounds.  And seventh, he is charged with committing an act of physical violence

within the Capitol grounds.

Mr. Webster has pleaded not guilty to all charges.

**II.      Proposed Voir Dire Questions**

A.      <u>Joint Proposed Voir Dire Questions</u>

1.  [Read statement of the case.]  Do you know or have you heard anything about
    this particular case or Mr. Webster?

2.  The government in this case is represented by Assistant United States Attorneys
    Hava Mirell and Brian Kelly, and Department of Justice Trial Attorney
    Katherine Nielsen.  Also sitting with the government are FBI Special Agent
    Riley Palmertree and paralegal Kyle Clements.  The defendant, Thomas
    Webster, is represented by James Monroe.  Do you know any of these people?

3.  During the course of the trial, you may hear testimony from or about a number of
    people.  The attorneys will now identify for you the names of people who may testify or
    about whom you may hear testimony.  [Each side will introduce its witnesses by name
    and employment.]  Do you know any of the people who have been introduced to you?

4.  Do you know or recognize any of the other potential jurors in the panel, the
    courtroom staff, or me?

5.  Do any of you live or work at or near the U.S. Capitol?

6.  Do you or someone you know have a direct or indirect connection to the events
    that occurred at the U.S. Capitol on January 6, 2021, including but not limited to
    having participated in or personally witnessed those events?

7.  Have you closely or regularly followed the news about the events that took place at the U.S. Capitol on January 6, 2021, or the government's investigation of those events? If yes, from what sources—for example, what news programs, websites, or social media platforms—do you typically get that news?

8.  Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet? If yes, how many times have you seen videos of that event, in whole or in part, on TV or on the internet? (1 time, 2-3 times, 4-5 times, 6 or more times).

9.  Have you ever watched video of this defendant from January 6, 2021 on the news or on the Internet? If yes, how many times have you seen videos of the defendant, in whole or in part, on TV or on the internet? (1 time, 2-3 times, 4-5 times, 6 or more times)

10. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

11. Does anyone have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, that it would make it difficult for you to serve as a fair and impartial juror in this case?

12. The testimony of a police officer should be treated the same as the testimony of any other witness, and the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is or was a police officer. Does anyone have such strong feelings or opinions about the police—either positive or

negative—that would make it difficult for you to treat the testimony of current or former police officers the same as for any other witness?

13. The next four questions relate to you, members of your immediate family, and close personal friends:

    a.  Does anyone in this group now work for, or previously worked for, any law enforcement agency?  This includes any police department in or outside the District, including the Metropolitan Police Department and New York City Police Department, and it includes special police officers, as well as prosecutors' offices, such as the U.S. Attorney's Office, or a State Attorney's Office.  It also includes federal law enforcement agencies like the Department of Justice, the FBI, the Secret Service, the Department of Homeland Security, the U.S. Capitol Police, and the U.S. Park Police.  And it includes any local police or sheriffs' departments.

    b.  Has any member of that group ever served in the Armed Forces?

    c.  Has any member of that group ever attended law school, worked as a lawyer, or worked in a law office?

    d.  Has any member of that group ever been arrested for, charged with, or convicted of a crime or been a victim of or witness to a crime?  If so, did you feel that you, or your family member or close friend, were treated fairly?

14. Have you, any member of your family, or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

15. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information. The Judge will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it. Is there any reason why you could not follow this instruction?

16. The government bears the burden of proving Mr. Webster guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. Webster, and he has no obligation to offer his own evidence. Would you have any difficulty with respecting this allocation of the burden of proof?

17. A defendant has a constitutional right not to testify, and if Mr. Webster decides not to testify, I will instruct you that you cannot hold his silence against him. Would you have any difficulty following that instruction?

18. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not follow some rules of law and ignore others. And even if the jury disagrees or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow them. Is there any reason you would find it difficult to follow my legal instructions, whatever they may be?

19. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and

be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

20. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, or blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

21. Today is Monday, April 25. The parties expect the presentation of evidence in this case to conclude either at the end of this week or early next week. You will begin deliberating after the close of evidence. Once you begin deliberating, I do not know how long your deliberations will last. The jury will sit [Monday] through [Friday], generally from [9:30] am to [4:30] pm. Knowing this schedule, do you have any urgent or extremely important matter to attend to this week or next, such that serving as a juror in this case would be an extreme hardship for you?

22. Do you have any religious, moral, or philosophical reason, or personal or political beliefs, or is there any other reason not already mentioned, that you believe would make it hard for you to be a fair and impartial juror in this case, or to sit in judgment of another person?

B.    Defendant's Additional Proposed Voir Dire Questions

1.   Have you or any member of your family, or close friend ever participated in a public protest or demonstration?

   a.   The government objects to this proposed question. The government does not believe the events of January 6 should be characterized as a "public protest" or "demonstration." Moreover, whether a prospective juror has ever protested or demonstrated is irrelevant to this case, and does not go to potential bias. The government also believes that any potential bias related to this question is adequately addressed through joint proposed question 22, above.

2.   Have you or any member of your family, or close friend ever been involved in a physical altercation with a member of law enforcement?

   a.   The government objects to this proposed question. Any potential bias related to this question is better addressed through joint proposed questions 12 and 14, above.

3.   Have you or any member of your family, or close friend ever been required to defend yourself from an attack initiated by another individual?

   a.   The government objects to this proposed question for the same reasons as stated in its above objection to the defendant's proposed question number 2.

4.   Do you believe that you and/or the residents of the City of Washington D.C. were victims of the events which transpired at the U.S. Capitol on January 6, 2021?

    a. The government does not object to this proposed question, but believes that any potential bias related to this question is already adequately addressed through joint proposed questions 10, 11, and 22, above. If the Court asks this question, the government also proposes that the following language be included in between "were" and "victims": "personally."

5. Do you believe that all individuals present at the U.S. Capitol on January 6, 2021 are guilty of committing a crime?

    a. The government does not object to this proposed question, but believes that any potential bias related to this question is already adequately addressed through joint proposed questions 10, 11, 16, and 22, above. If the Court asks this question, the government also proposes that the following language be included at the end: ", regardless of their own personal actions that day?"

6. Would your opinion concerning former President Donald Trump or his supporters make it difficult for you to serve as a fair and impartial Juror in this case?

    a. The government objects to this proposed question. The government believes that any potential bias related to this question is better addressed through joint proposed questions 10, 11, and 22, above.

7. Do you belong to any Societies, Unions, Professional Associations, Political Action Organizations, Civic Clubs, Fraternities, Sororities, or other similar organizations?

    a. The government does not object to this proposed question.

  C.    <u>Joint Proposed Background Questions</u>

    a. How long have you lived in the District of Columbia?

b.  What is the highest level of school you completed?

c.  What is your marital status?

d.  Do you have children or step-children?  If so, how many, and what are their ages?

e.  What is your current occupation?

      i.   How long have you been at this job?

      ii.  What is your current role at work?

      iii. Does your role include supervisory duties?

f.  What is your spouse's occupation?

g.  Are you able to read, speak, and understand the English language?

h.  Do you have any trouble seeing or hearing?

i.  Do you have trouble paying attention for long periods of time?

j.  Do you take medication that makes it difficult for you to sit and focus for long periods of time?

k.  Do you have any medical condition that would make it difficult for you to serve as a juror in this case?

l.  Does jury service raise COVID-19 safety concerns for you?

m.  Do you hold religious beliefs that prevent you from passing judgment on others?

n.  Have you had an experience as a juror that would affect your ability to be a fair and impartial juror in this trial?

      i.   When you served as a juror in a prior case, was it a criminal case or a civil case?

      ii.  Did you reach a verdict?

      iii.  Was there anything about your experience as a juror which would make you not want to serve again?

o.  Have you been a party to a lawsuit or a witness who testified in court?  If so:

      i.  What was the nature of the lawsuit?

      ii.  What was your role in the case?

      iii.  What was the result?

p.  What social media platforms do you use, how often do you use them, and what do you use them for?

q.  How do you get your news? Please circle all that apply, and provide the specific news source you use.

      i.  Newspapers

      ii.  TV

      iii.  Radio

      iv.  Social media

      v.  Podcasts

r.  Do you use social media? If yes, what platform(s) do you use, and what do you use them for?

s.  Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?

If the answer is yes, please indicate who brought the lawsuit, what it was about, and the result of the lawsuit.

t.  Do you watch courtroom, law-related, or crime-related TV shows? If yes, what do you watch?

u.  Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror?

    i.  Criminal prosecutors (Yes/No)

    ii.  Criminal defense attorneys (Yes/No)

    iii.  Police officers (Yes/No)

    iv.  FBI agents (Yes/No)

    v.  The "federal government" in general (Yes/No)

If you answered "yes" to the questions above, please describe your opinions and explain why they would interfere with your ability to be a fair and impartial juror.

## III.  Joint Proposed Jury Instructions

Attached.

## IV.  Lists of Witnesses

Government's List of Expected Witnesses attached.

Defendant's Witness List attached.

## V.  Exhibit Lists

List of Government Exhibits attached.

Defendant's Exhibit List attached.

## VI.  Stipulations

Stipulations 701 and 705-708 attached.

## VII.   Proposed Verdict Form

Attached.

Respectfully submitted,

For the Government:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _____ /s/ Hava Mirell _____
HAVA MIRELL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
CA Bar No. 311098
555 4th Street, N.W.
Washington, D.C. 20530
(213) 894-0717
Hava.Mirell@usdoj.gov

_____ /s/ Katherine Nielsen _____
KATHERINE NIELSEN
Trial Attorney, Detailee
United States Attorney's Office
District of Columbia
D.C. Bar No. 491879
555 4th Street, N.W.
Washington, D.C. 20530
(202) 355-5736
Katherine.Nielsen@usdoj.gov

_____ /s/ Brian P. Kelly _____
BRIAN P. KELLY
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 983689
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7503
Brian.Kelly3@usdoj.gov

For the Defendant:

_____ /s/ _____
James E. Monroe
DUPEE & MONROE, P.C.
211 Main Street
PO Box 470
Goshen, NY 10924
845-294-8900
marina@dupeemonroelaw.com

12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 21-cr-208 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's April 1, 2022 Third Amended Pretrial Order, the parties hereby propose the following jury instructions, subject to issues that arise during trial.

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**A. Jointly Proposed Instructions**

1.      Definitions: Stipulation of Fact, Redbook 1.103(A)

2.      Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

3.      Function of the Court, Redbook 2.101

4.      Function of the Jury, Redbook 2.102

5.      Jury's Recollection Controls, Redbook 2.103

6.      Evidence in the Case, Redbook 2.104

7.      Statements of Counsel, Redbook 2.105

8.      Indictment Not Evidence, Redbook 2.106

9.      Burden of Proof, Redbook 2.107

10.     Reasonable Doubt, Redbook 2.108

11.     Direct and Circumstantial Evidence, Redbook 2.109

1

12.     Nature of Charges Not to Be Considered, Redbook 2.110

13.     Number of Witnesses, Redbook 2.111

14.     Inadmissible and Stricken Evidence, Redbook 2.112

15.     Credibility of Witnesses, Redbook 2.200

16.     Police Officer's Testimony, Redbook 2.207

17.     Transcripts of Tape Recordings, Redbook 2.310

18.     Proof of State of Mind, Redbook 3.101

19.     Aiding and Abetting, Redbook 3.200

20.     Multiple Counts – One Defendant, Redbook 2.402

21.     <u>Count One:</u> Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, 18 U.S.C. § 111(a)(1), (b) [see proposal below]

22.     <u>Count Two</u>: Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3) [see proposal below]

23.     <u>Count Three</u>: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) [see proposal below]

24.     <u>Count Four</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) [see proposal below]

25.     <u>Count Five</u>: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) [see proposal below]

26.     <u>Count Six</u>: Disorderly Conduct in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

27.     <u>Count Seven</u>: Engaging in an Act of Physical Violence in the Capitol Grounds or Capitol Buildings, 40 U.S.C. § 5104(e)(2)(F) [see proposal below]

28.     Where Jury is to be Charged on a Lesser Included Offense of a Count in an Indictment, Redbook 2.401

2

29.     Unanimity—General, Redbook 2.405

30.     Verdict Form Explanation, Redbook 2.407

31.     Redacted Exhibits, Redbook 2.500

32.     Exhibits During Deliberations, Redbook 2.501

33.     Selection of Foreperson, Redbook 2.502

34.     Possible Punishment Not Relevant, Redbook 2.505

35.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

36.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

37.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

38.     Excusing Alternate Jurors, Redbook 2.511

**B. Jointly Proposed Instructions to be Used as Applicable or if Court Instructs on Self-Defense**

39.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209

40.     Character of Defendant, Redbook 2.213

41.     Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216

42.     Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217

43.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

44.     Self-Defense – General Considerations, Redbook 9.500

45.     Self-Defense – Amount of Force Permissible, Redbook 9.501

46.     Self-Defense – Amount of Force Permissible Where Appearances are False, Redbook 9.502(A)

47.     Self-Defense – Where Defendant Might Have Been the Aggressor, Redbook 9.504(A)

3

**C.  Disputed Instructions**

48.     Defendant's Proposed Instruction – First Amendment [see proposal
        below]

49.     Defendant's Proposed Instruction – Use of Force [see proposal below]

50.     Defendant's Theory of the Case, Redbook 9.100 [see proposal below]

**Proposed Instruction No. 21**

**COUNT ONE: ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS USING A DEADLY OR DANGEROUS WEAPON**

18 U.S.C. § 111(a)(1), (b)

Count One of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer and employee of the United States, and any person assisting such an officer and employee, while the officer is engaged in the performance of his official duties, while using a deadly or dangerous weapon, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer N.R., an officer from the Metropolitan Police Department.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts intentionally.

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties.

5. Fifth, the defendant made physical contact with the officer or employee of the United States who was then engaged in the performance of his official duties, or any person assisting such an officer or employee in the performance of that officer's duties, or acted with the intent to commit another felony.

5

6.  Sixth, in doing such acts, the defendant used a deadly or dangerous weapon.

<u>Definitions</u>

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.[1]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.[2]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that Officer N.R. is an officer of the Metropolitan Police Department and that it was a part of the official duty of such officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021 and detaining individuals who lacked authorization to enter the restricted area around the complex.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted,

---

[1]     Tenth Circuit Pattern Criminal Jury Instructions (2021), § 2.09.
[2]     *Id.*

opposed, impeded, intimidated, or interfered with that officer.[3]

An object is a deadly or dangerous weapon if it is designed to be used, actually used, capable of being used, or threatened to be used in a manner likely to produce death or serious bodily harm.[4]

For such a weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with the federal officer.[5]

---

[3]   *United States v. Feola*, 420 U.S. 671, 684 (1975).

[4]   Assault With a Dangerous Weapon (definition of dangerous weapon), Redbook 4.101 (modified); *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002).

[5]   Tenth Circuit Pattern Criminal Jury Instructions (2021), § 2.09; *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002).

**Proposed Instruction No. 22**

**COUNT TWO: OBSTRUCTING OFFICERS DURING A CIVIL DISORDER**

18 U.S.C. § 231(a)(3)

Count Two of the Indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find the following elements beyond a reasonable doubt:

1. First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

<u>Definitions</u>

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the

defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[6]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[7]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[8]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[9]

The term "department" includes executive departments.[10]  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[11]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[12]

---

[6]     *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

[7]     18 U.S.C. § 232(1).

[8]     Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

[9]     18 U.S.C. § 232(3).

[10]     18 U.S.C. § 6.

[11]     5 U.S.C. § 101.

[12]     18 U.S.C. § 6.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.[13]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

<u>Attempt</u>

In Count Two, the defendant is charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

1. First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

2. Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental

---

[13]     18 U.S.C. § 232(7).

state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.[14]

---

[14]     Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury Instructions 7.01.

**Proposed Instruction No. 23**

**COUNT THREE: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON[15]**

18 U.S.C. § 1752(a)(1), (b)(1)(A)

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so knowingly.

3. Third, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[16]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[17]

---

[15]     18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).
[16]     18 U.S.C. § 1752(c)(1).
[17]     18 U.S.C. §§ 1752(c)(2), 3056.

The term "knowingly" has the same meaning described in the instructions for Count Two.

The term "deadly or dangerous weapon" has the same meaning described in the instructions for Count One.

Proposed Instruction No. 24

**COUNT FOUR: DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON[18]**

18 U.S.C. § 1752(a)(2), (b)(1)(A)

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

4. Fourth, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding

---

[18]     18 U.S.C. § 1752.

14

that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[19]

The terms "restricted building or grounds," "knowingly," and "deadly or dangerous weapon" have the same meanings described in the instructions above.

---

[19]     Redbook 6.643.

**Proposed Instruction No. 25**

**COUNT FIVE: ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON**

18 U.S.C. § 1752(a)(4), (b)(1)(A)

Count Five of the Indictment charges the defendant with knowingly engaging in any act of physical violence against a person or property in a restricted building or grounds while using or carrying a deadly or dangerous weapon, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

2. Second, that the defendant did so knowingly.

3. Third, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.[20]

The terms "restricted building and grounds," "knowingly," and "deadly or dangerous weapon" have the same meanings described in the instructions above.

---

[20]     40 U.S.C. § 5104(a)(1) (modified).

**Proposed Instruction No. 26**

**COUNT SIX: DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS**

40 U.S.C. § 5104(e)(2)(D)

Count Six of the Indictment charges the defendant with violent entry and disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.[21] You are instructed that the West Terrace, including the Lower West Terrace, is part of the "United States Capitol Grounds."

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

---

[21]   40 U.S.C. § 5102(a).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[22]

The term "knowingly" has the same meaning described in the instructions for Count Two.

---

[22]     *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 27**

**COUNT SEVEN: ENGAGING IN AN ACT OF PHYSICAL VIOLENCE IN THE CAPITOL GROUNDS OR CAPITOL BUILDINGS**

40 U.S.C. § 5104(e)(2)(F)

Count Seven of the Indictment charges the defendant with engaging in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings.

2. Second, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.[23]

The terms "United States Capitol Grounds," "willfully," and "knowingly," have the same meanings described in the instructions above.

---

[23]   40 U.S.C. § 5104(a)(1).

**Defendant's Proposed Instruction No. 48**

**FIRST AMENDMENT**

The First Amendment protects even profanity-laden speech directed at police officers. Police officers reasonably may be expected to exercise a higher degree of restraint than the average citizen and should be less likely to be provoked into misbehavior by such speech.  While Officer N.R., no less than anyone else, may resent having obscene words and gestures directed at him, he may not exercise the awesome power at his disposal to punish defendant Thomas Webster for conduct that is not merely lawful, but protected by the First Amendment.  *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003); *Houston v. Hill*, 482 U.S. 451, 461 (1987).

**Government's Objection to Defendant's Proposed Instruction No. 48**

The government objects to the Defendant's Proposed Instruction No. 48 because it lacks sufficient legal basis, is irrelevant, argumentative, and likely to mislead and/or confuse the jury. The charges in this case do not implicate the First Amendment, *see United States v. Caldwell*, No. 21-CR-28 (APM), 2021 WL 6062718, at *22 (D.D.C. Dec. 20, 2021) (concluding that certain conduct on January 6 did not amount to conduct protected by the First Amendment), nor do they require a determination about the reasonableness of victim Officer N.R.'s conduct or use of force on January 6, 2021.

The cases cited by the defendant in his proposed instruction are inapposite.  *Payne* was an appeal from a grant of summary judgment in a Section 1983 case.  One of the issues in *Payne* was whether an officer had probable cause to arrest the plaintiff for obstruction where the plaintiff was alleged to have engaged in obscenity-laced argument with the officer.  *Payne*, 337 F.3d at 776-77.  In dicta, the court observed that police officers "reasonably may be expected to exercise a higher degree of restraint than the average citizen and should be less likely to be

provoked into misbehavior by such speech." *Id.* at 776 (citing *City of Houston v. Hill*, 482 U.S. 451, 462 (1987)).  Ultimately, the court reversed because it found that the district court had failed to view the facts in the light most favorable to the plaintiff.

In *City of Houston*, the Supreme Court struck down as unconstitutionally overbroad a municipal ordinance that made it unlawful to interrupt a police officer in the performance of his duties.  The Court held that the ordinance was not narrowly tailored to prohibit only disorderly conduct or fighting words, and that it criminalized a substantial amount of constitutionally protected speech.  *City of Houston*, 482 U.S. at 465-67.  In dicta, the Court observed that even the fighting words exception might require a narrower application in cases involving words addressed to police officers because "a properly trained officer may reasonably be expected to exercise a higher degree of restraint than the average citizen, and thus be less likely to respond belligerently to fighting words." *Id.* at 462 (internal quotation marks and citation omitted).

This case involves a physical assault of a police officer and does not implicate any of the First Amendment issues raised in *Payne* and *City of Houston*.

Insofar as the defendant is trying to argue that his profane words are insufficient to constitute aggression or provocation for purposes of self-defense, such argument would best be addressed through Redbook Instruction 9.504.  Instruction 9.504 provides, in relevant part: "Mere words without more by [name of defendant] . . . do not constitute [aggression] [or] [provocation]."  But the defendant is not entitled to any such instruction unless there is sufficient evidence to support a self-defense claim.  For the reasons set forth in the government's Motion *in Limine* to Preclude Claims of Self Defense, Necessity, Justification and Duress (ECF No. 60), the defendant has not proffered sufficient evidence to entitle him to argue self-defense at trial, much less to receive any self-defense jury instruction.

### Defendant's Proposed Instruction No. 49

### USE OF FORCE

Defendant Thomas Webster alleges that while directing obscene words at Officer N.R. , the officer punched defendant in the face.  In consideration whether or not Officer N.R. deprived the defendant Thomas Webster of his constitutional right not to be subjected to unreasonable and excessive force, you should determine whether the force used by Officer N.R. was necessary in the first place or was greater than the force that would appear reasonably necessary in an ordinary, reasonable, and prudent person.

A law enforcement officer is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm.

Provocation by mere insulting or threatening words will not excuse a physical assault by a law enforcement officer.  Mere words, without more, do not constitution provocation or aggression on the part of the person saying those words.  No law enforcement officer is entitled to use force against someone based on that person's verbal statements alone.

In determining whether the force used by Officer N.R. in this case was excessive or unwarranted, you should consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing defendant Thomas Webster harm. *United States v. Cobb*, 905 F.2d 784 (4th Cir. 1980).

### <u>Government's Objection to Defendant's Proposed Instruction No. 49</u>

The government objects to the Defendant's Proposed Instruction No. 49 because it lacks sufficient legal basis, is irrelevant, argumentative, and likely to mislead and/or confuse the jury.

Most basically, the defendant is not likely to be able to elicit sufficient evidence at trial to support a self-defense instruction.  *See* ECF No. 60.  The reasonableness of the amount of force that Officer N.R. allegedly used against Webster is not an element of any of the charged offenses or anticipated affirmative defenses.  *See id.* at 12.  The issue for purposes of the defendant's anticipated self-defense claim is the reasonableness of his subjective belief that his use of force was necessary, not whether Officer N.R. acted unreasonably or contrary to proper training and procedures.  *Id.* (citing *United States v. Swint*, 2012 WL 3962704, at *2 (D. Ariz. Sept. 11, 2012)).

*Cobb* is inapposite.  In *Cobb*, the defendant officers were charged with, *inter alia*, depriving a citizen of his civil rights by willfully subjecting him to an excessive use of force, in violation of 18 U.S.C. § 242.  One of the elements under § 242 is whether a defendant used unreasonable and excessive force.  *Cobb*, 905 F.2d at 787.

Officer N.R. has not been charged with violating 18 U.S.C. § 242 and is not the defendant in this case. The reasonableness of the force that Officer N.R. is alleged to have used is not an element of any of the charged offenses or anticipated affirmative defenses.  In sum, Defendant's Proposed Instruction No. 49 confuses the issues, is likely to mislead the jury, and is irrelevant as a matter of law.

### Defendant's Proposed Instruction No. 50

### DEFENDANT'S THEORY OF THE CASE

The defendant requests that the Court read the following paragraph if the Court finds that there is sufficient evidence to support a jury instruction about the defendant's theory of the case:

Defendant emerged from the crowd angered by the injuries caused to protestors by law enforcement.  Defendant directed obscenities at Officer N.R. and his fellow officers.  Rather than deescalating the situation, Officer N.R. raised his hand and gestured towards defendant inviting him to engage in a fight.  Defendant responded to Officer N.R.'s provocation by grabbing the top portion of the police barrier and directed additional profanities at the officer.

In response to defendant, Thomas Webster's insulting words, Officer N.R. reached beyond the police barrier with his left arm and punched defendant in his face.  Reasonably believing that he was in danger of imminent serious bodily harm and being unable to retreat due to the large crowd, defendant used that amount of force he reasonably believed necessary to protect himself by tackling Officer N.R. to the ground.

### <u>Government's Objection to Defendant's Proposed Instruction No. 50</u>

The defendant misunderstands the purpose of Redbook Instruction 9.100.  Instruction 9.100 is intended to serve as a note to explain to the Court and the parties when a defendant is entitled to a theory-of-defense instruction.  It is not an invitation for the Court to deliver a closing argument on the defendant's behalf.

Here, the defendant's theory of the case is that he was acting in self-defense.  Assuming that the defendant is allowed to argue self-defense at trial,[24] and assuming that there is sufficient

---

[24]     For the reasons set forth in the government's Motion *in Limine* to Preclude Claims of Self Defense, Necessity, Justification and Duress (ECF No. 60), the defendant should not be allowed to argue self-defense at trial and is not entitled to any self-defense instruction.  The government

evidence for a reasonable jury to find in the defendant's favor, then the Court should instruct the jury on the legal elements of self-defense, as set forth in Redbook Instructions 9.500, 9.501, 9.502 and 9.504.  The narrative provided by the defendant above is argumentative, prejudicial, and inappropriate for a theory-of-defense instruction.

---

joins in proposed jury instructions 44 through 47 only to the extent that the Court determines that the defendant will be allowed to argue self-defense at trial, and then only if the evidence at the conclusion of trial supports such an instruction.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.: 21-cr-00208 (APM)** |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S LIST OF EXPECTED WITNESSES

The Government hereby provides a list of witnesses that, as of this date, the government may call during its case-in-chief.   The government may determine that some of these witnesses are not necessary or it may determine that additional witnesses are necessary.   If the government determines that additional witnesses may be necessary, it will promptly inform the Court and the defense.   The potential witnesses are:

| Name | Title/Agency | Location |
|---|---|---|
| Carneysha Mendoza | United States Capitol Police Captain | D.C. Metropolitan Area |
| Mark Gazelle | United States Capitol Police Officer | D.C. Metropolitan Area |
| Joanna Burger | United States Capitol Police Officer | D.C. Metropolitan Area |
| Paul Wade | Assistant to the Special Agent in Charge, United States Secret Service | D.C. Metropolitan Area |
| Daniel Schwager | Counsel to the Secretary of the Senate, United States Senate | D.C. Metropolitan Area |
| Patricia Norden | Special Agent, Federal Bureau of Investigation | Hudson Valley, New York |
| Mike Callanan | Special Agent, Federal Bureau of Investigation | Hudson Valley, New York |

1

| Name | Title/Agency | Location |
|------|-------------|----------|
| Virginia Donnelly | Special Agent, Federal Bureau of Investigation | Hudson Valley, New York |
| Riley Palmertree | Special Agent, Federal Bureau of Investigation | D.C. Metropolitan Area |
| N.R. | Officer, Metropolitan Police Department | D.C. Metropolitan Area |
| Ed Tippett | Safeway, District Manager | D.C. Metropolitan Area |
| Leif Hickling | Supervisory IT Specialist, U.S. Attorney's Office | D.C. Metropolitan Area |

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        No. 21-cr-208
                                 )
THOMAS WEBSTER,          )
                                 )
                Defendant.       )
                                 )

**Defendant's Witness List**

1. Laura Mortiz – Character Witness



2. Brian Gallo – Character Witness



3. Frank Sialiano – Character Witness



4. Jonathon Lauderdale
   Detective, Second District Criminal Investigations Division
   Metropolitan Police Department



5. Special Agent Riley Martin Palmertree
   FBI Washington Field Office



Dated: April 8, 2022

_____
JAMES E. MONROE, ESQ.
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-00208 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

**Government Exhibits**

| 100 SERIES – PHYSICAL EVIDENCE AND ARREST MATERIALS | | | | | |
|---|---|---|---|---|---|
| *Ex. No.* | *Description of Exhibit* | *Marked for I.D.* | *Received in Evidence* | *Witness* | *Ex. Sent to Jury (date/time)* |
| 100 | Samsung Cellphone (Model SMTG930V SN: R38H811SHNY) | | | | |
| 101 | Brown Caterpillar Work Boots | | | | |
| 102 | Brown Leather Belt | | | | |
| 103-104 | Blue Denim Jeans (x2) | | | | |
| 105 | Plate Carrier "Second Chance," Blue | | | | |
| 106 | FBI Request for Information re AFO 145 | | | | |
| 107 | AFO 145 Face Photo 1 | | | | |

| 108 | AFO 145 Face Photo 2 | | | | |
| 109 | AFO 145 Frontal Photo | | | | |
| 110 | AFO 145 Back Photo | | | | |
| 111 | #EyeGouger Still Shot | | | | |
| 112 | Webster Consent to Search Samsung Cellular Telephone | | | | |
| 113 | Thomas Webster Processing Photos 02.22.2022 | | | | |
| 114 | Thomas Webster Passport Image | | | | |

| 200 SERIES – VIDEO EVIDENCE | | | | | |
|---|---|---|---|---|---|
| _Ex. No._ | _Description of Exhibit_ | _Marked for I.D._ | _Received in Evidence_ | _Witness_ | _Ex. Sent to Jury (date/time)_ |
| 200 | USCP compilation video (entire incident) | | | | |
| 201 | USCP surveillance video 0944 Full (12:30:00 – 5:30:00 p.m.) | | | | |
| 201.1 | Still frame at 4:13:10 p.m. | | | | |
| 202 | USCP surveillance video (camera 0932 from 1:56 to | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 2:01 p.m.) (shows motorcade leaving plaza) | | | | |
| 203 | USCP surveillance video of Senate members staircase (at 2:25p.m.) | | | | |
| 204 | N.R. BWC footage 1.6.21 (14:28:18 to 14:29:55) | | | | |
| 204.1 | Still shot from N.R. BWC footage (14:28:24) | | | | |
| 204.2 | Still shot from N.R. BWC footage (14:28:36) | | | | |
| 204.3 | Still shot from N.R. BWC footage (14:28:37_1) | | | | |
| 204.4 | Still shot from N.R. BWC footage (14:28:37_2) | | | | |
| 204.5 | Still shot from N.R. BWC footage (14:28:37_3) | | | | |
| 204.6 | Still shot from N.R. BWC footage (14:28:38) | | | | |
| 204.7 | Still shot from N.R. BWC footage (14:28:39) | | | | |
| 204.8 | Still shot from N.R. BWC footage (14:28:41) | | | | |
| 204.9 | Still shot from N.R. BWC footage (14:28:52_1) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 204.10 | Still shot from N.R. BWC footage (14:28:52_2) | | | | |
| 204.11 | Still shot from N.R. BWC footage (14:29:02) | | | | |
| 204.12 | Transcript of N.R. BWC footage 1.6.21 (14:28:18 to 14:29:55) | | | | |
| 205 | USCP surveillance video 0944 (2:28:17 to 2:29:55) | | | | |
| 206 | Taylor video 1.6.21 | | | | |
| 206.1 | Still shot from Taylor video 1.6.21 | | | | |
| 207 | Patriots at the Capitol 1-6-21 | | | | |
| 208 | Send More Patriots video | | | | |
| 208.1 | Transcript of Send More Patriots video | | | | |
| 209 | Webster with second officer after breaching video | | | | |
| 210 | Webster at Lower West Tunnel video | | | | |
| 211 | N.R. BWC footage 1.6.21 Slow Motion (14:28:18 to 14:29:14) | | | | |

| 212 | USCP surveillance video 0944 Time Lapse (12:55:14 – 14:59:59) | | | | |
|---|---|---|---|---|---|
| 213 | Patriots at the Capitol 1-6-21 Slow Motion | | | | |
| 214 | Patriots at the Capitol 1-6-21 Tracking | | | | |
| 215 | Side-by-side of N.R. BWC footage 1.6.21 and Patriots at the Capitol 1-6-21 Slow Motion | | | | |
| 216 | Side-by-side of N.R. BWC footage 1.6.21 and Patriots at the Capitol 1-6-21 | | | | |
| 217 | USCP surveillance video 0944 Tracking | | | | |
| 218 | Taylor video 1.6.21 Tracking | | | | |

| **300 SERIES - EVIDENCE RECOVERED FROM CELLPHONE** | | | | | |
|---|---|---|---|---|---|
| *Ex. No.* | *Description of Exhibit* | *Marked for I.D.* | *Received in Evidence* | *Witness* | *Ex. Sent to Jury (date/time)* |
| 300 | Cellebrite Summary | | | | |
| 301 | 11/4/20 Text Messages to "Brian and Stacey" and "Maura" | | | | |

| 302 | 11/6/20 Text Messages to "Brian and Stacey" and "Michelle" | | | | |
|-----|-----|---|---|---|---|
| 303 | 12/3/20 Text Message to "Brian and Stacey" (Guide to Your Jan 6th Trip) | | | | |
| 304 | 1/6/21 Text Conversation with "Frank S Home" | | | | |
| 305 | Photo of MRE & Metadata | | | | |
| 306 | Photo of Backpack & Metadata | | | | |
| 307 | Photo of Marine Flag at Washington Monument | | | | |
| 308 | Photo at base of Capitol | | | | |
| 309 | Photo near Lower West Tunnel | | | | |
| 310 | "stop the steal rally" search history (12/4/20) | | | | |
| 311 | Bulletproof vests search history (12/10/20) | | | | |
| 312 | Guide to Jan 6 Trip search history (12/30/20) | | | | |
| 313 | Stop the Steal search history (12/29/20) | | | | |

| 314 | Facial recognition article search history (1/6/21) | | | | |
| 315 | DOJ launches tracker search history (1/15/21) | | | | |
| 316 | Capitol rioters included ex-military and cops search history (1/15/21) | | | | |

| 400 SERIES – DOCUMENTS AND RECORDS | | | | | |
|---|---|---|---|---|---|
| *Ex. No.* | *Description of Exhibit* | *Marked for I.D.* | *Received in Evidence* | *Witness* | *Ex. Sent to Jury (date/time)* |
| 400 | Secret Service Head of State Notification Worksheet | | | | |
| 402 | Mayor Bowser Curfew Order (Mayor's Order 2021-002) | | | | |
| 403 | Safeway DC Closure Email | | | | |
| 404 | Safeway Mid-Atlantic Daily Sales Report 1.5.21 -1.7.21 Redacted | | | | |
| 405 | Safeway Warehouse Shipments PA to DC | | | | |
| 406 | Safeway Business Records Certification | | | | |
| 407 | License Plate Reader Report | | | | |

| 408 | Map of Capitol Grounds, June 25, 1946, Office of the Surveyor of the District of Columba, book 127, page 8 | | | | |
|---|---|---|---|---|---|

| 500 SERIES – LEGAL AND CONGRESSIONAL RECORDS | | | | | |
|---|---|---|---|---|---|
| *Ex. No.* | *Description of Exhibit* | *Marked for I.D.* | *Received in Evidence* | *Witness* | *Ex. Sent to Jury (date/time)* |
| 500 | U.S. Constitution – 12th Amd. (Highlighted) | | | | |
| 501.15 | 3 U.S. Code § 15. (Highlighted) | | | | |
| 501.16 | 3 U.S. Code § 16. (Highlighted) | | | | |
| 501.17 | 3 U.S. Code § 17. (Highlighted) | | | | |
| 501.18 | 3 U.S. Code § 18. (Highlighted) | | | | |
| 502 | Congressional Record - Senate | | | | |
| 503 | Congressional Record - House | | | | |
| 504 | Senate Concurrent Resolution 1 (Jan. 3, 2021) | | | | |
| 505 | Screenshots from Senate chamber video at 1:39pm, | | | | |

| Ex. No. | Description of Exhibit | Marked for I.D. | Received in Evidence | Witness | Ex. Sent to Jury (date/time) |
|---|---|---|---|---|---|
| | 1:48pm, 1:54pm, 2:00pm, 2:05pm, 2:10pm | | | | |
| 506 | Screenshots from House chamber video at 1:43pm, 1:48pm, 1:54pm, 1:59pm, 2:04pm, 2:10pm, 2:14pm | | | | |
| 507 | Video Montage – including Congressional Record (vol. 167, No. 4) at S13, S14, S18, H75, H76, H84, H85 and video footage from House and Senate | | | | |
| 508 | Certificate of Authenticity - Senate | | | | |
| 509 | Certificate of Authenticity - House | | | | |

| 600 SERIES – OTHER | | | | | |
|---|---|---|---|---|---|
| Ex. No. | Description of Exhibit | Marked for I.D. | Received in Evidence | Witness | Ex. Sent to Jury (date/time) |
| 600 | BLANK | | | | |
| 601 | Photo of Capitol | | | | |
| 601.1 | Photos of Capitol (with perimeter) | | | | |
| 601.2 | Photos of Capitol (with signs) | | | | |
| 601.3 | Photo of sign on rack | | | | |

| 601.4 | Photo of sign itself | | | | |
|---|---|---|---|---|---|
| 602 | Diagram of Capitol | | | | |
| 603 | 3D Model of Capitol | | | | |
| 604 | Photo of N.R. injuries | | | | |
| 605 | Photo of N.R. injuries | | | | |
| 606 | Photo of N.R. injuries | | | | |
| 607 | Photo of N.R. injuries | | | | |
| 608 | Photo of N.R. injuries | | | | |
| 609 | Photo of N.R. injuries | | | | |
| 610 | Photo of N.R. injuries | | | | |
| 611 | Twitter Pic 1 (Assault) | | | | |
| 612 | Twitter Pic 2 (Assault) | | | | |
| 613 | Photo of plate carrier "Second Chance," Blue (3/24/22) | | | | |
| 614 | Photo of interior nametag of plate carrier "Second Chance," Blue (3/24/22) | | | | |

| 700 SERIES – STIPULATIONS | | | | | |
|---|---|---|---|---|---|
| _Ex. No._ | _Description of Exhibit_ | _Marked for I.D._ | _Received in Evidence_ | _Witness_ | _Ex. Sent to Jury (date/time)_ |
| 700 | BLANK | | | | |
| 701 | Stipulation re USCP videos | | | | |
| 702 | BLANK | | | | |
| 703 | BLANK | | | | |
| 704 | BLANK | | | | |
| 705 | Stipulation re USCP and MPD | | | | |
| 706 | Stipulation re West Terrace | | | | |
| 707 | Stipulation re License Plate Reader | | | | |
| 708 | Stipulation re Videos | | | | |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　No. 21-cr-208
　　　　　　　　　　　　　　　　　)
THOMAS WEBSTER,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)
　　　　　　　　　　　　　　　　　)

### Defendant's Exhibit List

1.  MPD Injury or Illness Report, Dated 01/07/21

2.  Detective Jonathan Lauderdale Report, Dated 01/09/21

3.  Detective Jonathan Lauderdale Report, Dated 01/11/21

4.  Detective Jonathan Lauderdale Report, Dated 01/14/21

5.  Detective Jonathan Lauderdale Report, Dated 01/26/21

6.  Detective Jonathan Lauderdale Report, Dated 01/27/21

7.  MPD Appendix of Case Notes

8.  MPD Case History

9.  Interview Report of Officer N.R. by Special Agent Riley Palmertree, Dated 02/17/21

10. Hand Written Notes of Officer N.R.'s Interview

11. Officer N.R.'s Statement

12. Officer N.R.'s Cellphone Text Messages

13. Officer N.R.'s Disciplinary Records

14. Defendant's DD-214 Certificate of Release or Discharge from Active Duty

15. Defendant's Personnel Records, United States Marine Corps

16. Defendant's Personnel Records, New York City Police Department

17. YouTube Video Entitled "Patriots At the Capitol"

18. Still Photo  00037

19. Still Photo  00038

20. Still Photo  00039

21. Still Photo  00040

22. Still Photo  00041

23. Still Photo  00042

24. Synchronized Still Photos  00230

25. Synchronized Still Photos  00231

26. Synchronized Still Photos  00232

27. Synchronized Still Photos  00233

28. Synchronized Still Photos  00234

29. Synchronized Still Photos  00277

30. Synchronized Still Photos  00278

31. Synchronized Still Photos  00279

32. Synchronized Still Photos  00280

33. Synchronized Still Photos  00281

34. Synchronized Still Photos  00282

35. Synchronized Still Photos  00283

36. Synchronized Still Photos  00284

37. Synchronized Still Photos  00285

38. Synchronized Still Photos  00286

39. Synchronized Still Photos  00287

40. Synchronized Still Photos  00288

41. Synchronized Still Photos  00289

42. Synchronized Still Photos  00290

43. Enhanced Video of Officer N.R. Punching Defendant

44. Memorandum of Agreement Between the United States Department of Justice, District of

    Columbia and the District of Columbia Metropolitan Police Department, Dated June 13,

    2001

45. MPD General Order Series 901, Number 07, Dated 11/03/17

46. New York City Police Department training Practices and Procedure Guidelines - Use of

    Force

47. New York City Police Department Police Academy - Use of Force Training Curriculum

Dated: April 8, 2022

                                                            _____

                                                            JAMES E. MONROE, ESQ.
                                                            Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 21-cr-208 (APM)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **THOMAS WEBSTER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## EXHIBIT 701

## STIPULATION

The United States and Defendant Thomas Webster agree and stipulate to the following:

The United States Capitol Police (USCP) operate and maintain closed-circuit video monitoring and recording equipment that captures locations inside and outside of the U.S. Capitol building and on the Capitol grounds. The video equipment timestamps each recording with the date and time at which the footage is captured. The USCP-controlled video equipment was in good working order on January 6, 2021, and video footage recovered from the cameras and equipment with the timestamp of January 6, 2021 is footage from January 6, 2021. The events depicted in the video footage are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021, the timestamps on the recordings are accurate, and the video footage was not altered or edited in any way. The video footage is authentic in that it is what it purports to be.

FOR THE DEFENDANT                              FOR THE UNITED STATES

_____              _____
James E. Monroe                              Katherine Nielsen
Counsel for Thomas Webster                   Hava Mirell
                                             Brian P. Kelly
                                             Assistant United States Attorneys

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-208 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

## EXHIBIT 705

## STIPULATION

The United States and Defendant Thomas Webster agree and stipulate to the following:

On January 6, 2021, officers from the United States Capitol Police (USCP) on the U.S. Capitol Grounds and in the U.S. Capitol building were engaged in their official duties as officers or employees of the United States or of any agency in any branch of the United States Government, as those terms are used in Title 18, United States Code, Section 1114.

On January 6, 2021, officers from the Washington, D.C., Metropolitan Police Department (MPD) on the U.S. Capitol Grounds and in the U.S. Capitol building were assisting officers from the USCP who were engaged in their official duties as officers or employee of the United States or of any agency in any branch of the United States Government, as those terms are used in Title 18, United States Code, Section 1114.

FOR THE DEFENDANT                    FOR THE UNITED STATES


_____          _____
James E. Monroe                      Katherine Nielsen
Counsel for Thomas Webster           Hava Mirell
                                     Brian P. Kelly
                                     Assistant United States Attorneys

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 21-cr-208 (APM)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **THOMAS WEBSTER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**EXHIBIT 706**

**STIPULATION**

The United States and Defendant Thomas Webster agree and stipulate to the following:

1.      The West Terrace, including the Lower West Terrace, is part of the "United States

Capitol Grounds" for purposes of 40 U.S.C. § 5104.


FOR THE DEFENDANT                    FOR THE UNITED STATES


_____          _____
James E. Monroe                          Katherine Nielsen
Counsel for Thomas Webster               Hava Mirell
                                         Brian P. Kelly
                                         Assistant United States Attorneys

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-208 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

**EXHIBIT 707**

**STIPULATION**

The United States and Defendant Thomas Webster agree and stipulate to the following:

1.      On or about January 5, 2021, a gray-colored 2004 Honda CR-V, New York State license plate number HVU 2139, was registered to Defendant Webster.

2.      A license plate reader is a camera that is pointed at a roadway and is specifically designed to read license plate numbers.  Information from a license plate reader is collected, including photographs of the license plate and car, date and time information from when the picture was taken, and GPS location information from when the picture was taken, and transmitted to servers owner by the District of Columbia Metropolitan Police Department.  The information is searchable, including by license plate number.

3.      On February 17, 2021, Deputy U.S. Marshal Gregory Conner queried the license plate reader servers for license plate number HVU 2139.  He also queried the servers for other license plate numbers similar to HVU 2139, including HVU 273.  According to the servers, on January 5, 2021, at 4:32:30 a.m. (UTC -05:00), New York State license plate number HVU 2139 was photographed entering the District of Columbia from Maryland while driving southbound on Highway 295.

4.      License plate reader information is maintained by the Metropolitan Police Department in the regular course of business, and is regularly checked for accuracy.  The report appended to this

stipulation is an authentic, true, and correct copy of a printout of the above-described information for

New York State license plate number HVU 2139.


FOR THE DEFENDANT                          FOR THE UNITED STATES


_____            _____
James E. Monroe                            Katherine Nielsen
Counsel for Thomas Webster                 Hava Mirell
                                           Brian P. Kelly
                                           Assistant United States Attorneys



ID: d6c70c4e-bce6-4ad0-9e14-e522f30e8df2                                    timothy.writt   2/17/2021 8:31:32 AM UTC-05:00

## License Plate Number:        HVU273







| Nearest Address | Kenilworth Avenue Northeast, Washington, , District of Columbia, |
| Nearest Cross Street | |

### Read Info

| | |
|---|---|
| Plate | HVU273 |
| Date/Time | 1/5/2021 4:32:30 AM UTC-05:00 |
| GPS | (38.909822, -76.935704) Error Radius: 0.00m |
| Speed | |
| Reader | 6D 295 s\b Eastern Av NE |
| Reader Notes | |
| User | |
| Camera | Center |
| Domain | Fixed Sites |
| Make | |
| Model | |
| Color | |
| Color 2 | |
| Type | |
| Tax Class | |
| MMC Plate | Plate not in MMC List |



ID: d6c70c4e-bce6-4ad0-9e14-e522f30e8df2                    timothy.writt   2/17/2021 8:31:32 AM UTC-05:00

**License Plate Number:**          **HVU273**





## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 21-cr-208 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| **Defendant.** | : | |

### EXHIBIT 708

### STIPULATION

The United States and Defendant Thomas Webster agree and stipulate to the following:

The events depicted in the video footage for the following Government Exhibits are a fair and accurate depiction of the events at the U.S. Capitol on January 6, 2021 and the video footage was not altered or edited in any way.  The video footage is authentic in that it is what it purports to be.

1. Exhibit 206

2. Exhibit 207

3. Exhibit 208

4. Exhibit 209 [from 16:50 to 22:40]

5. Exhibit 210

FOR THE DEFENDANT                                   FOR THE UNITED STATES


_____            _____
James E. Monroe                                         Katherine Nielsen
Counsel for Thomas  Webster                             Hava Mirell
                                                       Brian P. Kelly
                                                       Assistant United States Attorneys

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-cr-208 (APM)** |
| | : | |
| **THOMAS WEBSTER,** | : | |
| | : | |
| Defendant. | : | |

## VERDICT FORM

**Count One:   Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon**

_____          _____
Guilty                                    Not Guilty

**Count Two:   Obstructing Officers During a Civil Disorder**

_____          _____
Guilty                                    Not Guilty

**Count Three: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____          _____
Guilty                                    Not Guilty

**Count Four:   Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____          _____
Guilty                                    Not Guilty

**Count Five:   Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____          _____
Guilty                                    Not Guilty

**Count Six:**     **Disorderly Conduct in a Capitol Building or Grounds**

_____                    _____
Guilty                                      Not Guilty

**Count Seven: Engaging in an Act of Physical Violence in the Capitol Grounds or Capitol**
            **Buildings**

_____                      _____
Guilty                                      Not Guilty

Dated this _____ day of _____, 2022

                                    _____
                                    FOREPERSON