UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-208 (APM) |
| | ) | |
| **THOMAS WEBSTER,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

The court rules as follows with respect to the pending motions *in limine*:

1. The United States' Motion in Limine to Limit Cross-Examination of Secret Service Agency Witnesses, ECF No. 56 [hereinafter SSA Mot.], is granted in part and denied in part. As conceded by the government, Defendant Thomas Webster may cross-examine Secret Service Agency ("SSA") witnesses about the location of Vice President Pence on January 6, 2021, at the times relevant to the offenses with which Defendant is charged. Gov't Reply in Supp. of Its SSA Mot., ECF No. 70, at 1–2. Defendant has not opposed the portion of the government's motion seeking to preclude cross-examination of SSA witnesses in two respects: (1) the SSA's protocols related to the locations where protectees or their motorcades are taken during emergencies and (2) details about the SSA's VIP-protection operations. *See generally* Def.'s Opp'n to SSA Mot., ECF No. 64. Defendant shall be precluded from cross-examining SSA witnesses as to those two topics, absent his making a pretrial proffer as to the need for such examination.

2. The United States' Motion *in Limine* to Exclude Improper Character Evidence, ECF No. 57, is hereby granted. Defendant shall not be permitted to offer specific prior acts of peacefulness or nonviolence, as those character traits are not an element of any offense charged

nor any defense. *See* Fed. R. Evid. 405(b). Defendant may introduce evidence as to character only "by testimony about [his] reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Defendant shall not be permitted to offer extrinsic evidence of prior professional commendations. *See United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir. 1997); *United States v. Irving*, No. 07-cr-107 (PLF), 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008). The court will evaluate the permissible extent of evidence concerning prior professional commendations if Defendant elects to testify.

      3.    The United States' Motion *in Limine* to Exclude Evidence Pertaining to an Unidentified Female Rioter, ECF No. 58 [hereinafter Rioter Mot.], is granted as conceded, Def.'s Opp'n to Rioter Mot., ECF No. 63, at 2.

      4.    The United States' Motion *in Limine* to Preclude or Limit Cross-Examination of Officer N.R. and Exclude Evidence, ECF No. 59 (sealed), is granted, except as to potential bias cross-examination. *See United States v. Wilson*, 605 F.3d 985, 1006 (D.C. Cir. 2010) (recognizing propriety of bias cross-examination regarding an ongoing internal investigation against a testifying officer but observing that the investigation's subject matter would not have "assisted in portraying [the officer] as biased"). The court will discuss with the parties the scope of such cross-examination at the pretrial conference.

      5.    The United States' Motion *in Limine* to Preclude Claims of Self-Defense, Necessity, Justification, and Duress, and to Exclude Evidence in Support Thereof, ECF No. 60 [hereinafter Defenses Mot.], is granted as conceded as to the defenses of necessity, justification, and duress, *see* Def.'s Opp'n to Defenses Mot., ECF No. 68, at 8 n.2, but denied without prejudice as to self-defense.

The government asks the court to preclude pretrial a defense of self-defense "as a matter of law." Defenses Mot. at 13. But whether self-defense is available pretrial "as a matter of law" is not the correct inquiry. The question is whether Defendant would be entitled to a self-defense instruction at the close of the case.

> [A]n accused is entitled to a[] [defense] instruction . . . if there is any evidence fairly tending to bear upon the issue . . . , however weak, and that the court may not intrude on the province of the jury which may find credibility in testimony that the judge may consider completely overborne by the 'simply overwhelming' evidence of the prosecutor.

*Belton v. United States*, 382 F.2d 150, 155 (D.C. Cir. 1967) (internal quotation marks omitted). The court cannot, at this stage, determine whether the evidence presented at trial, whether weakly or otherwise, will "bear upon the issue" of self-defense. Not all the evidence is before the court, including, perhaps most critically, Defendant's own potential testimony. The court will not, at this stage, foreclose a self-defense defense based solely on the government's view of the evidence.

Date: April 13, 2022

Amit P. Mehta
United States District Court Judge