## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cr-208 (APM)** |
| | ) | |
| **THOMAS WEBSTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Defendant Thomas Webster's Motion for Change of Venue, ECF No. 49 [hereinafter Def.'s Mot.], is hereby denied without prejudice.

Defendant has not shown that this is an "extreme case" in which juror prejudice can be presumed. *Skilling v. United States*, 561 U.S. 358, 381 (2010); *United States v. Bochene*, No. 21-cr-418 (RDM), 2022 WL 123893, at *2 (D.D.C. Jan. 12, 2022) (holding that a January 6 defendant had failed to establish the "extreme circumstances" required for mandatory venue transfer under Federal Rule of Criminal Procedure 21(a)). First, the "size and characteristics" of the District of Columbia do not warrant such a presumption. *Skilling*, 561 U.S. at 382. Second, news stories of the events of January 6th and, specifically those involving Defendant, contain "no confession or other blatantly prejudicial information of the type readers or viewers could not reasonably be expected to shut from sight." *Id.* Third, more than 15 months have passed since the events of January 6th, resulting in at least some reduced "decibel level of media attention." *Id.* at 383; *cf. Rideau v. Louisiana*, 373 U.S. 723, 724 (1963). And, finally, at least two other January 6 cases have proceeded to jury trials, in which voir dire has been successful in identifying unbiased jurors. *Cf. Skilling*, 561 U.S. at 384 ("Although the widespread community impact necessitated careful

identification and inspection of prospective jurors' connections to Enron, the extensive screening questionnaire and followup *voir dire* were well suited to that task.").

In addition, the survey evidence that Defendant has presented does not establish a presumption of juror prejudice.  As the government points out, the survey does not point to considerably greater media exposure in this District compared to the Northern District of Georgia; nationwide surveys point to equally unfavorable views of January 6 defendants as those purportedly held by District residents; and the survey results indicate that nearly half of those District resident polled would keep an open mind in the context of a specific case.  *See* Gov't Opp'n to Def.'s Mot., ECF No. 52, at 6–9.

In the end, the appropriate way to identify a biased juror pool is through *voir dire*. *See United States v. Haldeman*, 559 F.2d 31, 63 (D.C. Cir. 1976) ("And if an impartial jury actually cannot be selected, that fact should become evident at the voir dire.").  Defendant nevertheless contends that the "*voir dire* process is incapable of protecting [his] Constitutional rights." Def.'s Mot. at 4.  But, as the court observed in *Bochene*, "there is no reason to believe that members of the jury venire will even know who [Defendant] is or what he allegedly did on January 6, much less that a significant number of the members of the venire will lack the capacity to evaluate the case against Defendant based solely on the facts of his case."  2022 WL 123893, at *2 (emphasis omitted).  "Nor, more generally, is there reason to believe that the *voir dire* process will prove ineffective in identifying any members of the venire who lack the requisite impartiality to serve on a jury." *Id.*  Should *voir dire* prove to be ineffective in identifying a fair jury, Defendant may renew his motion.

For the foregoing reasons, Defendant's Motion for Change of Venue, ECF No. 29, is denied.

Date:  April 18, 2022

Amit P. Mehta
United States District Court Judge