UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS WEBSTER,<br><br>Defendant. | Case No. 21-CR-208 (APM) |

### GOVERNMENT'S NOTICE RELATED TO PUBLIC RELEASE OF TRIAL EXHIBITS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its position as to the Application for Access to Trial Exhibits, ECF No. 81. Pursuant to the procedure outlined in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*, Case No. 21-mc-87, the government agrees that the trial exhibits admitted into evidence during the trial in this matter can be released. However, certain admitted exhibits may contain unredacted personal identifying information. That information has evidentiary value at trial to identify the individuals to whom the records related, but there is otherwise no need for public access to that personal identifying information. Therefore, the government would propose that it be permitted to submit redacted versions of any exhibits it identifies with the defendant's or others' personal identifying information, redacting only any personal identifying information such as phone numbers, addresses, or email addresses, to the Press Coalition, should the Court order such relief.

1

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of exhibits admitted into evidence during trial involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits. Therefore, the government does not object to their disclosure, subject to the caveat above about redacting personal identifying information.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:    /s/ Katherine Nielsen
KATHERINE NIELSEN
Trial Attorney, Detailee
D.C. Bar No. 491879
601 D Street, N.W.
Washington, D.C.  20579
(202) 355-5736
Katherine.Nielsen@usdoj.gov

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).