UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21-cr-208 (APM) |
| | : | |
| v. | : | |
| | : | |
| THOMAS WEBSTER, | : | |
| | : | |
| Defendant. | : | |

**PROPOSED EDITS TO DRAFT JURY INSTRUCTIONS**

The Government hereby submits proposed edits to the draft jury instructions circulated by the Court on April 27, 2022. The Government respectfully requests changes in five different areas of the instructions: (1) Count One; (2) Count Two; (3) Count Three; (4) Count Six; and (5) Self Defense. The Government is submitting along with this filing a redlined version of the working copy of the jury instructions that the Court circulated to the parties yesterday. The redlined version will be emailed to chambers in a word document.

**I.      Count One**

The clause "assaulting, resisting, opposing or impeding certain officers" should read "assaulting, resisting, opposing, impeding, intimidating, or interfering with a person assisting officers of the United States who are engaged in the performance of their official duties" each time that description appears. This change includes all of the operative verbs listed in 18 U.S.C. § 111 and included in the indictment. In addition, changing "officer of the United States who is engaged in the performance of his official duties" to "officers of the United States engaged in the performance of their official duties" effects no substantive change, *see* 1 U.S.C. § 1 (words importing the singular include the plural and vice versa), and avoids having to use a gendered pronoun ("his") or repeat "his or her" throughout the instruction.

In addition, each reference to "Officer N.R." should say "Officer Noah Rathbun."

## II.    Count Two

Count Two charges the defendant with a violation of 18 U.S.C. § 231(a)(3) for committing or attempting to commit an act to obstruct, impede, or interfere with a law enforcement officer, that is, Officer N.R., an officer from the Metropolitan Police Department.  The current instruction for Count Two, however, refers to "officers" in the plural.  The instruction for Count Two should mirror the language in Count Two of the Second Superseding Indictment, which charges the defendant with obstructing Officer Noah Rathbun only.

## III.   Count Three

Because Count Three charges the defendant with violating 18 U.S.C. § 1752 while using or carrying a dangerous and deadly weapon during and in relation to the offense, the term "deadly or dangerous weapon" should be added to the "Definitions" section and defined by cross-referencing the definition in Count One.

## IV.    Count Six

A definition for the term "United States Capitol Grounds" should be provided in the "Definitions" section because this term is not previously defined in the instructions.  This definition should also contain an instruction that the West Front of the United States Capitol, including the Lower West Terrace, is part of the "United States Capitol Grounds" given the parties' stipulation in Government Exhibit 706.

## V.     Self-Defense

The "Self-Defense" instruction starting on page 27 begins with the following sentence proposed by the Court: "Every person has the right to use a reasonable amount of force in self-defense if (1) he has a reasonable belief that the use of force was necessary to defend himself or

another against the immediate use of unlawful force and (2) uses no more force than was reasonably necessary in the circumstances."[1] That instruction serves as a general principle that is subsequently defined in greater detail for the jury. The Government respectfully requests the addition of a second sentence stating a general principle that is also subsequently defined in the instructions: "A person who was the initial aggressor does not act in self-defense."[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  /s/ Hava Mirell
HAVA MIRELL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
CA Bar No. 311098
601 D St. NW
Washington, D.C. 20001
(213) 894-0717
Hava.Mirell@usdoj.gov

---

[1] *United States v. Urena*, 659 F.3d 903, 906–07 (9th Cir. 2011) (quoting United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006)).
[2] *United States v. Saleh*, 916 F.3d 97, 110 (2d Cir. 2019); *United States v. Grover*, 485 F.2d 1039, 1042 (D.C. Cir. 1973) ("[G]enerally the defense of self-defense is not available to one who provokes the difficulty." (internal quotation marks omitted)).

3