**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>)<br>v. )<br>)<br>THOMAS WEBSTER, )<br>)<br>Defendant. )<br>_____ ) | Criminal No. 21-cr-208 (APM)<br><br>**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FED. R. CRIM. PROC. 29(C)** |

Pursuant to Fed. R. Crim. Proc. 29(c), defendant Thomas Webster moves this Honorable Court for a Judgment of Acquittal regarding his convictions under Counts One, Three, Four, and Five of the Second Superseding Indictment rendered by the jury involving the "use of a deadly or dangerous weapon" after trial in these proceedings due to the Government's failure to present sufficient evidence at trial that defendant used a "deadly or dangerous weapon" during the commission of these crimes beyond a reasonable doubt.

In a motion for Judgment of Acquittal, the evidence must be viewed in the light most favorable to the Government, giving full play to the right of the jury to determine credibility, weigh evidence, and draw justifiable inferences of fact. *United States v. Hubbard*, 429 A.2d 761 (D.C. Cir. 1983); *Johnson v. United States*, 40 A.3d 1, 14 (D.C. Cir. 2012). A judgment of acquittal is appropriate where "no rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Pauling*, 924 F.3d 649, 655 (2d Cir. 2019)(citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)).

Here, defendant was convicted of Counts One, Three, Four, and Five that all included the enhancement provision of his usage of a "deadly or dangerous weapon" during the commission of those same crimes. In order to prove that defendant was guilty of these crimes, the Government was obligated to prove beyond a reasonable doubt that the defendant used a deadly or dangerous weapon. The Government failed to do so such that no rational trier of fact could have found that defendant used a deadly or dangerous weapon, warranting a judgment of acquittal as requested herein.

Defendant, like thousands of others who were present on the United States Capitol Grounds on January 6, 2021, carried with him a lightweight aluminum flagpole with an attached flag. Unlike a firearm or a knife, this flagpole is not an inherently deadly or dangerous weapon *per se*. It is only in how defendant uses the flagpole that prompts its transformation to a "deadly or dangerous weapon."

At trial, defendant presented unrebutted evidence that defendant brought his flagpole/flag with him as a means of exercising his First Amendment right to free speech and had no intention of using the subject object as a weapon. In fact, the video evidence presented by the Government at trial shows that defendant purposefully kept his flagpole away from Officer Rathbun while engaged in his verbal altercation with him so as to not have it be viewed as a threat to Officer Rathbun.

As shown unequivocally in the same video evidence, only once defendant is struck by Officer Rathbun in the face does defendant swing the flagpole in the direction of Officer Rathbun as a means to keep the officer from striking defendant again. At trial, defendant presented *prima facie* evidence of self-defense to the jury in response to being physically struck in the face by Officer Rathbun prior to the inception of any physical altercation. The flagpole is

only briefly used in this altercation at a time when Mr. Webster is defending himself from further physical violence.

After the close of evidence at trial, the jury was properly instructed regarding self-defense as follows:

> "Now, every person has the right to use a reasonable amount of force in self-defense if:
>
> One, he has a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of excessive force.
>
> And, two, uses no more force than was reasonably necessary in the circumstances. A person who was the initial aggressor does not act in self-defense.
>
> If you find that Mr. Webster actually and reasonably believed that he was in imminent danger of serious bodily harm and that Mr. Webster had reasonable grounds for that belief, then Mr. Webster has a right to self-defense even if Mr. Webster also had other possible motives, such as feelings of anger toward Officer Rathbun or a desire for revenge. The defendant's other possible motives do not defeat an otherwise valid claim of self-defense, but can be considered in evaluating whether the Mr. - - excuse me, evaluating whether Mr. Webster actually and reasonably believed he was in imminent danger of bodily harm.
>
> Self-defense is a defense to the charges in Counts One, Two, Three, Four, Five, and Six. Mr. Webster is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Webster did not act in self-defense. If the government has failed to do so, you must find Mr. Webster not guilty on these counts." (Trial Transcript, Day 5, Afternoon Session, pp. 37-38)

It is undisputed through the video evidence presented at trial that defendant only used the flagpole after he was initially struck in the face by Officer Rathbun. Once the jury was presented with this evidence, the jury was correctly instructed that the Government needed to prove to the jury beyond a reasonable doubt that defendant did not act in self-defense and intended to use the flagpole as a dangerous weapon outside the purview of defendant's right to self-defense.

The Government failed to do so, as the Government did not present any evidence that defendant intended to use his flagpole as a dangerous weapon at any time other than the

incredibly short period of time during which defendant was using the flagpole as a deterrent in self-defense. Further, the Government presented no evidence disputing that Mr. Webster did not "actually and reasonably believe that he was in imminent danger of serious bodily harm and that Mr. Webster had reasonable grounds for that belief."

"While some items, such as knives, have been held to be inherently dangerous, '[a]n object which is not inherently dangerous can become dangerous by its use as a weapon.'" *Alfaro v. United States*, 859 A.2d 149, 160 (D.C. Cir. 2004)(citing *Strong v. United States*, 581 A.2d 383, 386 (D.C. Cir. 1990)). "Whether something is a dangerous weapon, *i.e.*, whether it is likely, as used, to produce the requisite injury, 'is ordinarily a question of fact to be determined by all the circumstances surrounding the assault,' and the analysis may be based on 'familiar and common experience.'" *Alfaro, supra*, at 160 (citing *Williamson v. United States*, 445 A.2d. 975, 979 (D.C. Cir. 1982). "Thus, an ordinary object may become a dangerous weapon when it is used to injure another person." *Alfaro, supra*, at 160 (citing *Jones v. United States*, 401 A.2d 473, 476 (D.C. Cir. 1979)). However, although everyday objects can be dangerous weapons, this is only the case where the purported weapon could have produced "death or bodily injury" to the alleged victim. *Harper v. United States*, 811 A.2d 808, 810-11 (D.C. Cir. 2002).

The Government offered no evidence at trial as to the potential of the flagpole to produce death or bodily injury aside from referring to it as a "metal flagpole." Without such evidence, no rational trier of fact could have determined that the flagpole could produce the requisite death or bodily injury necessary to substantiate the convictions under Counts One, Three, Four, and Five of the Second Superseding Indictment involving the "use of a deadly or dangerous weapon."

Even as to general intent weapons offenses such as the enhancement provisions contained within Counts One, Three, Four, and Five of the Second Superseding Indictment, the D.C.

Circuit Court of Appeals has recognized the possibility of a defense of "innocent or momentary possession" if a defendant could show "not only an absence of criminal purpose" but also "the intent of ensuring that [the] newfound weapon is taken as soon and as directly as possible to law enforcement officers." *Hines v. United States*, 326 A.2d 247, 248-49 (D.C. Cir. 1974); *accord*, *Worthy v. United States*, 420 A.2d 1216, 1218 (D.C. Cir. 1980); *Logan v. United States*, 402 A.2d 822, 824-26 (D.C. Cir. 1979); *Carey v. United States*, 377 A.2d 40, 42-44 (D.C. Cir. 1977); *Blango v. United States*, 335 A.2d 230, 235 (D.C. Cir. 1975).

The evidence at trial clearly showed that defendant only "momentarily possessed" the flagpole after it came apart following his being stricken by Officer Rathbun, brought the flagpole to the United States Capitol Grounds with "an absence of criminal purpose," and permitted the officer to take the flagpole "as soon and as directly as possible" only a few seconds after the altercation ensued. As such, the Government failed to produce the requisite evidence to prove that defendant possessed an intent to "use" the flagpole/flag as a dangerous and/or deadly weapon.

Defendant's "use" of the flagpole as an allegedly "deadly or dangerous weapon" was strictly limited to the very brief period of time defendant used the flagpole as a deterrent in self-defense. No rational trier of fact could have found that the Government proved beyond a reasonable doubt that defendant did not actually and reasonably believe that he was in imminent danger of serious bodily harm after being presented with the undisputed video evidence that Officer Rathbun struck defendant in the face prior to any action taken by defendant that could be interpreted as the usage of the flagpole as a deadly or dangerous weapon. In fact, as aforestated, the Government did not prove whatsoever the potential of the flagpole to cause death or bodily injury as required by statute. *See, Scott v. United States*, 243 A.2d 54, 56 (D.C. Cir. 1968).

Given that the Government did not prove beyond a reasonable doubt that the defendant used a deadly or dangerous weapon in any way other than in self-defense from Officer Rathbun's initial excessive use of physical force, a judgment of acquittal pursuant to Fed. R. Crim. Proc. 29(c) is appropriate regarding defendant's convictions under Counts One, Three, Four, and Five of the Second Superseding Indictment rendered by the jury involving the "use of a deadly or dangerous weapon."

WHEREFORE, the defendant respectfully requests that this Honorable Court:

a. Grant the defendant a judgment of acquittal regarding the convictions under Counts One, Three, Four, and Five of the Second Superseding Indictment rendered by the jury involving the "use of a deadly or dangerous weapon"; and

b. Together with such other and further relief as this Court deems just and proper.

Dated: Goshen, New York
June 6, 2022

Yours, etc.,

DUPEE & MONROE, P.C.
Attorneys for Defendant

BY: _____
JAMES E. MONROE, ESQ.
Office & P.O. Address
211 Main Street, Box 470
Goshen, New York 10924
Phone: 845-294-8900
Fax: 845-294-3619
Email: jim@dupeemonroelaw.com

To: Hava Mirell
Capitol Riot Detailee
United States Attorney
Hava.mirell@usdoj.gov