**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                             ) | Criminal No. 21-cr-208 (APM) |
| Plaintiff,                  ) | |
|                             ) | |
|                             ) | |
| v.                          ) | |
|                             ) | |
| THOMAS WEBSTER,             ) | |
|                             ) | |
| Defendant.                  ) | |
|                             ) | |

**MEMORANDUM OF LAW RE: APPLICABILITY OF "BODY ARMOR
ENHANCEMENT" PURSUANT TO U.S.S.G. § 3B1.5(2)(B)**

The Government seeks to increase the offense level by four (4) levels for sentencing purposes, under U.S.S.G. § 3B1.5(2)(B) due to Mr. Webster's admission that he was wearing body armor during his altercation with Officer Rathbun.

The four-level enhancement of § 3B1.5(2)(B) requires the actual "use" of body armor. "Use," according to the Sentencing Guidelines, means "active employment in a manner to protect the person from gunfire." U.S.S.G. § 3B1.5, comment (n. 1). While the Sentencing Commission could have defined "use" to simply mean the "wearing of body armor," it did not do so, and instead required that the body armor be "actively employed" such that it would "protect the person from gunfire." Defendant submits that his conduct did not involve the "active employment" of his body armor, nor did he wear it to "protect himself from gunfire," and thus the proposed 4-level enhancement should not be applied at sentencing.

Mr. Webster testified at trial that he wore his police-issued NYPD bulletproof vest for two legitimate reasons on January 6, 2021 – (1.) for warmth on a cold January day (Trial Transcript, Day 4 Morning Session, p. 98, ln. 21-25); and (2.) out of fear for his safety (Trial

Transcript, Day 4 Morning Session, p. 99, ln. 3-6). *See also*, Trial Transcript, Day 4 Morning Session, p. 114, ln. 9 (e.g., concern over the possible presence of counterprotestors). Mr. Webster did not have any firearm in his possession while on the Capitol Grounds on January 6, nor did he testify at any point that he was afraid of being shot or to "protect himself from gunfire." Though he admittedly was wearing body armor when his confrontation with Officer Rathbun unexpectedly occurred, the body armor was not "actively employed" during this 45-second altercation that did not involve any usage - - or even the threatened usage - - of firearms. Thus, the Government's request that the sentencing enhancement for usage of body armor be applied to Mr. Webster is misplaced.

As already stated, the Sentencing Commission could have defined "use" to simply mean the "wearing of body armor," but did not do so, and instead required "active employment" such that it would "protect the person from gunfire." Mr. Webster did not actively employ his body armor such that he would be protected from gunfire. He wore it for warmth and for safety from potential counterprotestors while he was attending his first and only protest. Mr. Webster's actions in wearing body armor on January 6 do not comport with the definitions the Sentencing Commission itself has provided for the proper application of the sentencing enhancement. Any ambiguity in the definitions provided by the Sentencing Commission must be resolved in Mr. Webster's favor. *United States v. Granderson*, 511 U.S. 39, 53-54 (1994)("[W]here text, structure, and history fail to establish that the Government's position is unambiguously correct[,] [courts] apply the rule of lenity and resolve the ambiguity in [the defendant's] favor."). Therefore, defendant respectfully suggests that this Court should not apply the body armor 4-level enhancement.

Further, as aptly pointed out by this Court, the Government is seeking the enhancement in the instant proceedings, but did not do so in a parallel case, *U.S. v. Reffitt*, 21-cr-32 (DLF). Befuddlingly, the Government did not seek the enhancement in *Reffitt* despite the fact that the defendant in that case wore a "plate carrier vest laden with armored plates that could stop a rifle round," possessed a handgun on Capitol Grounds, plastic handcuffs, and even had firearms distributed to others as well as placed in other portions of Washington, D.C. The defendant in *Reffitt* clearly wore his body armor to "protect himself from gunfire" because he anticipated - - if not welcomed - - an armed shootout with police. Unlike Reffitt, defendant's incidental use of his body armor played no role in the violent crimes perpetrated against Officer Rathbun. Yet, the Government requests the body armor enhancement in this case, and did not in *Reffitt*. For this Court to apply the enhancement to Mr. Webster and not do so for Mr. Reffitt would undermine the very purpose of the Sentencing Guidelines - - "to promote uniformity in sentencing." *U.S. v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). Defendant respectfully suggests that this disparity should not be promulgated by this Court by applying the 4-level body armor enhancement to defendant's sentencing score.

Lastly, this Court is correct that U.S.S.G. § 3B1.5(2)(B)'s body armor enhancement has been universally applied in Circuit Court cases involving drug trafficking or robbery convictions. For the sake of candor, your writer has found a case at the District Court level involving the application of the enhancement in an officer assault case: *Walker v. U.S.*, 2017 WL 11495641 (E.D.Mich. Jan. 19, 2017). In *Walker*, the defendant was being surveilled by the Detroit Violent Crime Task Force when he decided to ram a Task Officer's vehicle with his vehicle, and was wearing body armor while operating the vehicle. The defendant was convicted of assaulting an officer, and the Eastern District of Michigan Court applied the 4-level body armor enhancement

to defendant's sentencing score because the defendant was wearing body armor while striking the Task Officer's vehicle with his vehicle. Presumably unlike Mr. Webster's isolated incident, the defendant's persistent conduct brought him under the guise of law enforcement for an advance period of time prior to his apprehension. For the reasons recited, the 4-level body armor enhancement should not be applied, reducing defendant's aggregate Guideline score to 33.

## Conclusion

Based on the foregoing, Mr. Webster respectfully prays that this Honorable Court does not apply the 4-level body armor enhancement to his sentencing score pursuant to U.S.S.G. § 3B1.5(2)(B).

Respectfully submitted,

DUPEE & MONROE, P.C.
Attorneys for Defendant

BY: _____
JAMES E. MONROE, ESQ.
Office & P.O. Address
211 Main Street, Box 470
Goshen, New York 10924
Phone: 845-294-8900
Fax: 845-294-3619
Email: jim@dupeemonroelaw.com