8-21-25

Contact info:

Signature *Amit M* **LET THIS BE FILED**

Date 8/26/25

Email: █████████████████

Thomas Webster

█████████████████

*[signature]*

to receive emails about filings and view documents electronically.

- The form requires personal information including an email address and must be signed and submitted to the Clerk's Office either by mail or in person at:
  U.S. District Court
  333 Constitution Ave. NW,
  Room 1225
  Washington, DC 20001

2. **Filing Procedures:**

   - E-filing for pro se is available 24/7.

   - The Clerk's Office hours are Monday through Friday, 9:00 a.m. to 4:00 p.m., excluding holidays, for any in-person needs.

   - Documents labeled "UNDER SEAL" cannot be left in the after-hours drop box and must be filed during business hours at the Clerk's Office.

over ✓✓

AO 243 (Rev. 01/15)          Page 2

## PETITION FOR WRIT OF ERROR CORAM NOBIS

| United States District Court | District **District of Columbia** |
|---|---|
| Name *(under which you were convicted)*: Thomas Webster | Docket or Case No.: |
| Place of Confinement: Federal Correctional Institution Texarkana | Prisoner No.: 31135-509 |
| UNITED STATES OF AMERICA    V. | Movant *(include name under which convicted)* Thomas Webster |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court - for the District of Columbia
   333 Constitution Ave., N.W., Washington, D.C. 20001

   (b) Criminal docket or case number (if you know): 1:21-cr-00208-1

2. (a) Date of the judgment of conviction (if you know): September 9, 2022
   (b) Date of sentencing: September 9, 2022

3. Length of sentence: 120 months / 36 months supervised release

4. Nature of crime (all counts):
   1) 18 U.S.C. § 111(a)(1); (b) Assaulting, Resisting, or Impeding Certain Officer using a Dangerous Weapon
   2) 18 U.S.C. § 231(a)(3); Civil Disorder
   3) 18 U.S.C. § 1752(a)(1); (b)(1)(A) Entering and Remaining in a Restricted Building or Grounds
   4) 18 U.S.C. § 1752(a)(2); (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building w/ weapon
   5) 18 U.S.C. § 1752(a)(4), (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Ground with a dangerous weapon
   6) 40 U.S.C. § 5104(e)(2)(F) Act of Physical Violence in the Capitol Grounds or Buildings

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]     (2) Guilty [ ]     (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [X]   No [ ]

8. Did you appeal from the judgment of conviction?   Yes [X]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the D.C. Circuit
   (b) Docket or case number (if you know): 22-3064
   (c) Result: Affirmed
   (d) Date of result (if you know): May 28, 2024
   (e) Citation to the case (if you know): 
   (f) Grounds raised:
   1) The Jury was not impartial.
   2) The district court wrongly denied him his right to effectively cross- Officer Rathbun.
   3) The district court instructed the jury on his Section 111(b) charge.
   4) The district court's inclusion of a four level, use-of-body-armor enhancement.
   5) The length of sentence was substantively unreasonable as compared to other as compared to other January 6th defendants.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): UNK
       (2) Result: UNK

       (3) Date of result (if you know): UNK
       (4) Citation to the case (if you know): UNK
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

        (4) Nature of the proceeding:
        (5) Grounds raised:

AO 243 (Rev. 01/15)                                                                 Page 4

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐  No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____
(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐  No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____
(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☐
    (2) Second petition:   Yes ☐    No ☐
(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)  Page 5

GROUND ONE: <u>Fraudulent Statement or Perjury by Officer Noah Rathbun Deprived Mr. Webster of His Fifth Amendment Right to Due Process.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prior to trial in this case, counsel was admonished by the Court that he would only be allowed to cross examine the Government's main witness, Noah Rathbun, regarding a shooting incident that had occurred after January 6, 2021 only if an investigation of the shooting remained open on the day Rathbun was scheduled to testify.

(Continued)

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:
      Evidence did not come available until after appeal concluded.

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:
  _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐

On the morning of Rathbun's testimony, he advised the prosecution and this Court that the investigation was concluded and that he had been exonerated of any wrongdoing. This was not a truthful statement. On the day that Noah Rathbun took the stand and provided testimony on the instant criminal action, the investigation into the officer involved shooting wherein Rathbun was the focus of the investigation remained open.

Because of Noah Rathbun's untruthful statement, Mr. Webster was deprived of his Fifth Amendment right to confront his accuser. Whereas the entire case was decided on the truthfulness (or lack thereof) of Mr. Rathbun's testimony, the Defendant was prejudiced by Rathbun's false statement.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When the investigating officers first contacted Noah Rathbun regarding the altercation between him and Thomas Webster, Rathbun had no recollection of the incident.

Contrary to the policy of the Metropolitan Police Department, Rathbun was provided a copy of videos depicting the incident in question. Nevertheless, and despite Rathbun's assurance that he now remembered the incident completely, his description of the incident differed drastically from reality.

(Continued)

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are properly raises for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

The third description of the incident issued by Rathbun, despite two rounds of coaching and an untold amount of time reviewing videos of the incident, remained inconsistent with the events as the are depicted in surveillance videos.

Counsel was well aware of these repeated inconsistencies and of the government's efforts to coach Rathbun and altar his narrative, yet defense counsel made no attempt to impeach Rathbun during cross-examination.

Because the jury was tasked with determining the credibility of Rathbun's version of the incident in comparison to the testimony provided by Mr. Webster, counsel's constitutionally deficient performance altered the outcome of the trial to Mr. Webster's detriment.

AO 243 (Rev. 01/15)

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** Constitutionally Defective Assistance of Counsel Prior to and During Trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Prior to trial, counsel acquiesced to the Government's motion to exclude video of officer Rathbun's assault of a female protester shortly before Mr. Webster's appearance on the scene.

(Continued)

Although the video could not be used to assert it was provocation of Mr. Webster's actions, it was admissible under Rule 404(b) of the Federal Rules of Evidence to show absence of mistake.

It was the Government's stated position prial to trial, and again during the prosecution's case-in-chief, that Rathbun did not signal Mr. Webster with any provocative hand gesture and that Rathbun's strike to Mr. Webster's face was unintentional, or a mistake. The excluded video, however, displays Rathbun making hand gestures at the crowd prior to an assault on a female demonstrator that was clearly intentional.

Because the jury's verdict relied on the belief that any provocative gesture by Rathbun, and the strike by him to Mr. Webster's face, were unintentional constitutionally deficient performance.

(b) **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐   No ☒

  (2) If you did not raise this issue in your direct appeal, explain why:
   Claims of ineffective assistance of counsel are properly raises for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐   No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

  (4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed:

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                      Page 9

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

---

**GROUND FOUR:** _____

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Four:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐    No ☐
        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**
        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐    No ☐

        (2) If you answer to Question (c)(1) is "Yes," state:
        Type of motion or petition: _____
        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): _____
        Date of the court's decision: _____
        Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15)                                                                                                              Page 10

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds raised herein have been raised earlier in federal court because they either deal with newly discovered evidence or are otherwise raised for the first time on collateral review.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)  Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:

    James E Monroe, 211 Main Street P.O. Box 470 Goshen, New York 10924

    (b) At the arraignment and plea:

    James E Monroe, 211 Main Street P.O. Box 470, New York 10924

    (c) At the trial:

    James E Monroe, 211 Main Street P.O. Box 470, Goshen, New York 10924

    (d) At sentencing:

    James E Monroe, 211 Main Street P.O. Box 470 Goshen, New York 10924

    (e) On appeal:

    Elizabeth Brandenburg 2392 North Decatur Rd. Decatur GA, 30033

    (f) In any post-conviction proceeding:

    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:

    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☒    No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    A Petition for Writ of Error Coram Nobis is required to be filed within the strictures of the AEDPA. Because Mr. Webster is no longer confined in prison, the instant Petition for Writ of Coram Nobis was timely filed within one year of date the Movant's conviction became final.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)  the date on which the judgment of conviction became final;

    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
VACATE the conviction.

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____08-22-2025_____.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.