UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 21-cr-208 (APM) |
| THOMAS WEBSTER, | ) ) ) | |
| Petitioner. | ) ) | |

### MEMORANDUM OPINION AND ORDER

A jury convicted Petitioner Thomas Webster on multiple counts for participating in the riot at the U.S. Capitol on January 6, 2021.  *See United States v. Webster*, 102 F.4th 471 (D.C. Cir. 2024) (affirming convictions and sentence).  He now seeks a writ of coram nobis vacating his convictions.  Pet. for Writ of Error Coram Nobis, ECF No. 135 [hereinafter Pet.].  For the reasons set forth below, the petition is denied.

A writ of coram nobis is appropriate only to correct "errors of the most fundamental character."  *United States v. Morgan*, 346 U.S. 502, 512 (1954) (internal quotation marks and citation omitted).  Such instances are rare.  Indeed, the Supreme Court has observed that "[i]t is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate."  *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (cleaned up).

Courts in this Circuit have required a petitioner seeking a writ to show: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."  *United States v. Cerroni*,

No. 24-3194, 2026 WL 124324, at *1 (D.C. Cir. Jan. 16, 2026) (internal quotation marks and citation omitted). Petitioner fails the last three of these requirements.

The court starts with the third. Petitioner received a pardon from the President. That act of clemency "released [him] from the consequences of his offence . . . . It release[d] [him] from all disabilities imposed by the offence, and restore[d] to him all his civil rights." *Knote v. United States*, 95 U.S. 149, 153 (1877). Petitioner therefore lacks a cognizable injury in fact. *See United States v. Verrusio*, No. 09-cr-00064 (BAH), 2017 WL 2634638, at *4 (D.D.C. 2017) (observing that "a majority of courts require a *coram nobis* petitioner to show ongoing collateral consequences above and beyond the conviction itself" and citing supporting cases). For his part, Petitioner quotes from a portion of *Carafas v. LaVallee*, in which the Supreme Court wrote about a habeas petitioner: "In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror." 391 U.S. 234, 237 (1968); Pet'r's Answer to U.S. Opp'n to Pet., ECF No. 149 [hereinafter Answer], at 18. But *Carafas* is inapplicable, because that case was about mootness; specifically, whether a prisoner's habeas petition had become moot upon his release from incarceration while his petition was pending appellate review. The Court held that, "[o]n account of these 'collateral consequences,' this case is not moot." 391 U.S. at 237–38 (footnote omitted). By contrast, Petitioner does not face the same collateral consequences following his pardon, and the otherwise unspecified collateral consequences he invokes are not sufficient to satisfy Article III's case or controversy requirement. *See Verrusio*, 2017 WL 2634638, at *4.

Petitioner also fails the second requirement: he has not offered any reason for not attacking his convictions earlier, in his case by filing a post-conviction motion under 28 U.S.C. § 2255.

*See United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019) (stating that "a claim pressed through a coram nobis petition is ordinarily barred if the petitioner . . . simply failed to pursue the claim under § 2255 when petitioner could have"). Petitioner was incarcerated for approximately six months before his pardon and release. He offers no reason why he could not have brought his present challenges as a habeas petition. *See* Answer at 20–21.

Petitioner likewise has not met the final requirement: demonstrating an error of fundamental character. For his first claim, Petitioner asserts that Officer Rathbun lied to the prosecution about the pendency of an administrative use-of-force investigation. Pet. at 6–7 (CM/ECF Pagination). The court had ruled that the defense could question Officer Rathbun about the then-open investigation, but not delve into the details. *See Webster*, 102 F.4th at 486. On the morning of his testimony, however, the prosecution announced that it recently had learned that the investigation had closed; the defense then conceded it no longer had grounds to question Officer Rathbun about the investigation. *See id.* Defendant claims that *Officer Rathbun* falsely told prosecutors that the investigation had closed, when in fact it remained open on the day of his testimony. Pet. at 6–7. Examining Officer Rathbun about the open investigation, Petitioner maintains, would have allowed him to show that Officer Rathbun "was himself the subject of an investigation and highly motivated to alter his testimony to conform with the prosecution's wishes." Answer at 24.

But Petitioner is wrong twice over. For one, the record does not reflect that it was Officer Rathbun who advised prosecutors about the status of the investigation. Rather, the government represented that "Officer Rathbun just learned of [the investigation's closing] last week after our pretrial conference, and the information was just provided to our office late this past Sunday night." Trial Tr. 4/27/2022, ECF No. 117 [hereinafter Trial Tr. 4/27/2022], at 5:3-5. The government thus

3

did not specify that it was Officer Rathbun who advised them of the change. The prosecutor's use of the passive voice—"was just provided"—leaves unanswered who precisely provided that information.

What's more, Petitioner has not shown that the use-of-force investigation in fact remained open when Officer Rathbun testified. He points to an affidavit filed in a D.C. Freedom of Information Act case that he filed in D.C. Superior Court seeking records from the D.C. Metropolitan Police Department (MPD) regarding the incident that led to the use-of-force investigation. Answer at 20 (citing Attach. 14, Decl. of Brandynn Reaves, ECF No. 149-1 [hereinafter Reaves Decl.], at 44–51). Petitioner made a request on June 16, 2023, while his direct appeal was pending, for "[a]ll investigation notes and documentation regarding Officer Noah Rathbun . . . concerning any and all incidents occurring on May 24, 2021." Reaves Decl. ¶ 5. True, MPD disclosed no records in part because, "at the time of the request and response," the "subject matter of the request was" "the subject of an open and ongoing investigation." *Id.* ¶ 12. But MPD never identified the "open" investigation as the one into Officer Rathbun's use of force. The affidavit is silent as to the subject of that investigation. The affidavit, however, does identify a "*Final* Investigative Report Concerning Use of Force," which it withheld from disclosure on privacy grounds. *Id.* ¶ 19(d) (emphasis added). The affidavit thus says nothing that contradicts the government's representation that the administrative investigation into Officer Rathbun's use of force had closed by the date of his trial testimony. Petitioner offers no other evidence to the contrary.

Petitioner's second and third claims fare no better. In both, he asserts ineffective assistance of counsel. He argues that his counsel performed unreasonably by (1) failing to cross-examine Officer Rathbun with his prior inconsistent statements and (2) not attempting to introduce video

4

evidence of an earlier confrontation on January 6 between Officer Rathbun and another person. Pet. at 8–11. If counsel had performed these tasks, Petitioner reasons, the former would have undermined Officer Rathbun's credibility and the latter would have shown him to be the first aggressor, buttressing Petitioner's assertion of self-defense. *Id.* But, as the government points out, U.S. Opp'n to Def.'s Pet., ECF No. 141, at 25–26, the premise for Petitioner's first theory of ineffectiveness is wrong: defense counsel did in fact cross-examine Officer Rathbun about prior inconsistent statements, *see* Trial Tr. 4/27/2022, at 86:8–88:19, 95:2–98:10. As for the second, Petitioner has not shown that the evidence of the prior incident would have been admissible. *See* Christopher B. Mueller & Laird C. Kirkpatrick, 1 Federal Evidence § 4:25 (4th ed.) (stating that "specific acts of unrelated aggression on the part of the victim against persons other than the defendant are not admissible to prove that the victim was the first aggressor"); *cf. United States v. Burks,* 470 F.2d 432, 434 (D.C. Cir. 1972) (permitting use of prior violent acts of a *decedent* in a *homicide* case to establish self-defense); *Harris v. United States*, 618 A.2d 140, 144 (D.C. 1992) ("The rule in this jurisdiction is that only in homicide cases may prior violent acts of the victim be introduced as evidence to prove that the victim was the first aggressor."). Petitioner therefore has not demonstrated that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Nor has Petitioner demonstrated prejudice. As the D.C. Circuit observed, the government presented "overwhelming evidence against him—including at least four videos of the assault." *Webster*, 102 F.4th at 487. The jury also heard from Petitioner and rejected his claim of self-defense. Given the strength of the evidence against him, and the apparent lack of credibility of his own testimony, Petitioner has not shown that there is a "reasonable probability" that, but for his counsel's supposed errors, "the result of the proceeding would have been different." *Strickland*,

5

466 U.S. at 694.  He therefore has not established an "error [] of the most fundamental character." *Cerroni*, 2026 WL 124324, at *1.

      For the foregoing reasons, Thomas Webster's Petition, ECF No. 135, is denied.

Dated:  January 28, 2026

                                          Amit P. Mehta
                                          United States District Judge